# HIRAM SMITH *et al.*

*v.*

# GEORGE M. HOLLENBACK *et al.*

1. STATUTE OF FRAUDS—*of trusts in parol.* Where it is alleged that a grantee of lands holds the title to a portion of the premises in trust for a third person, and there is no written evidence of such alleged trust, nor anything to create a resulting trust, even if such express trust did exist, it was of such a character as to fall within the statute of frauds.

2. NAKED POSSESSION—*is not such evidence of title as will support a decree for conveyance.* A court of chancery will sometimes interfere to protect a title which is evidenced only by possession, against disturbance by the assertion of a false or fraudulent claim; but it will not decree a conveyance to the occupant merely by virtue of his possession, as against a person holding the legal title. Rights growing out of possession are matters purely of legal cognizance.

3. FORCIBLE ENTRY AND DETAINER—*title not involved.* The right of possession alone is involved in an action of forcible entry and detainer, which is wholly independent of title.

This was a petition for a rehearing. This case was decided at the September term, A. D. 1867, and is reported in 46 Ill. 252, where a statement of the facts is fully set forth.

Reference is made to that case for a better understanding of the opinion of the court upon the petition.

Mr. JOHN C. CHAMPLIN, Mr. O. C. GRAY and Mr. J. H. FELCH, for the plaintiffs in error.

PER CURIAM: A petition for a rehearing has been presented in this case, and we would willingly grant it, in view of all the facts, if we could do so without violating the settled rules of law. It is urged, the circumstances clearly indicate that James Miller held the legal title in trust for his brother, Abraham. But there is no written evidence of that fact, and as there was nothing to create what is technically known as a resulting

trust, if James was in fact holding for Abraham, the trust was of such a character as to fall within the statute of frauds.

It is said, further, that the plaintiff in error, Getty Jane, has possession, and this is evidence of title. This is true, and a court of chancery will sometimes interfere to protect a title which is evidenced only by possession, against disturbance by the assertion of a false or fraudulent claim; but it will not decree a conveyance to the occupant merely by virtue of his possession, and we can not, in this case, hold the mere possession of the complainant a ground for divesting the legal title of the defendant and giving it to complainant. Even if that title was fraudulently obtained from James Miller, in 1853, the fraud was upon him, and not upon the complainant, who held no title. Not only have James Miller and his heirs acquiesced in the alleged fraud, but the complainant herself permitted Boyd, the grantee of James, to enter upon the premises in 1853, and to remain there until 1860, and his executor until 1861, when it appears the complainant again entered. Their respective rights, growing out of possession, we must leave to be determined in the pending action of forcible entry and detainer, the prosecution of which it was one of the objects of this bill to enjoin. That is a matter purely of legal cognizance. Even if there were good grounds for giving the complainant the legal title, that would not affect the action of forcible entry and detainer, which is wholly independent of title.

The petition for a rehearing must be overruled.

*Rehearing denied.*