LOUIS E. HARVIE, Respondent, v. OTIS A. TURNER, Appellant.

1. *Forcible entry and detainer—Term "cabin" in action of, construed to mean what.*—A suit for forcible entry and detainer is for the possession of real property; and where the record in such a proceeding showed that the suit was for the possession of "a certain cabin situated, standing, and being upon the southwest quarter-section," etc., *held*, that the action included not merely the cabin, but the ground inclosed by it.
2. *Forcible entry and detainer — Action of, does not affect title to premises.*— The adjudication in an action for forcible entry and detainer in no way affects the title to the premises or the right to their possession.
3. *Forcible entry and detainer—Res adjudicata.*—The issue embraced in a suit for the forcible entry and detainer of certain premises can not be re-tried after judgment, because the subsequent suit may embrace premises not included in the first. The consequences of the first judgment could not be escaped by a mere enlargement of the claim.
4. *Landlord and tenant — Principal and agent — Res adjudicata — Indentity of parties in different suits.*—If an agent or tenant were sued, and the principal or landlord had notice of the pendency of the suit, and an opportunity to come in and cross-examine the witnesses and make defense to the action, and in a subsequent suit, involving the same subject-matter, the principal or landlord· were made a party directly, yet the identity of the parties would be sufficient to establish a *res adjudicata* as to the litigants in the second suit.

*Appeal from Fourth District Court.*

*G. D. Burgess*, for appellant.

I. The previous judgment was admissible, though not between the same parties on the record. The rule which renders a prior judgment conclusive on the parties thereto, is not restricted to those who bear that relation on the record; but it includes all who

have an interest in the subject-matter of .the suit, and a right to make a defense or control the proceedings. (State, to .use of Hempstead, v. Coste *et al.*, 36 Mo. 437 ; 1 Greenl. Ev., § 523 ; Castle v. Noyes, 14 N. Y. 329.)

II. Tenants are privies in law. (1 Greenl. Ev., § 189 ; Castle v. Noyes, *supra.*)

III. The fact that the record shows the former suit to have been for a cabin on the land in controversy, while the present suit is for the land itself, does not affect the admissibility of the record. Supposing, for argument's sake, that the subject-matter of the two suits is not the same, the record is none the less admissible. The judgment of a court of competent jurisdiction is conclusive in a second suit between the same parties or their privies, on the same issues or questions, although the subject-matter may not be the same. (State, to use of Hempstead, etc., *supra;* Doty v. Brown, 4 N. Y. 71; Castle v. Noyes, *supra ;* 2 Phil. Ev., note 262, and cases cited; Bouchaud v. Dias, 3 Denio, 243.)

IV. The parol evidence offered to explain the record should have been admitted. (1 Greenl. Ev., § 523 ; 2 Phil. Ev., *supra;* 2 Smith's Lead. Cas. 574; Gardner v. Buckbee, 3 Cow., N. Y., 120 ; Burt v. Steinburgh, 4 Cow., N. Y., 559; Young v. Rummell, 2 Hill, N. Y., 478 ; Doty v. Brown, 4 Comst., N. Y., 71 ; Young v. Black, 7 Cranch, 565; Washington Packet Co. v. Sickels *et al.*, 24 How. 333 ; Miles v. Caldwell, 2 Wall. 35 ; Packet Co. v. Sickels, 5 Wall. 580 ; State v. Thornton, 37 Mo. 360 ; Zimmerman v. Zimmerman, 16 Ill. 84; Gray v. Gillilan *et al.*, 15 Ill. 453 ; Phillips v. Birch, 16 Johns. 136 ; King v. Chase, 15 N. H. 13 ; Vallandigham v. Ryan, 17 Ill. 29 ; Standish v. Parker, 2 Pick. 22 ; Parker v. Thompson, 3 Pick. 429 ; Wood v. Jackson, 8 Wend. 44 ; Parker v. Hall, 2 Pick. 206 ; Wilson v. Hart, 7 Taunt. 304.)

*Hall*, for respondent.

The Circuit Court committed no error in rejecting the record offered in evidence by defendant. It was between different parties, and related to a different subject-matter. (1 Greenl. Ev.,

§§ 523–4; 11 Mo. 356; 24 Mo. 109; 3 Marsh. 341; 33 Mo. 86; 29 Mo. 74; 20 Md. 457; 24 How. 553; 11 Ohio, N. S., 131.)

*Kinley*, for respondent.

The record shows that Howe invaded possession of Turner's cabin and ousted him therefrom, on or about the fourth day of April, 1867, while it is claimed that Turner invaded possession of said tract of land entire, and dispossessed and ousted Harvie therefrom, on or about the 20th day of December, 1866; hence neither parties nor subject-matter, in either point of time of the trespass or of *locus in quo*, are the same in the two suits; therefore the record was properly rejected. (1 Espin. Nisi Prius, 43; Church v. Leavenworth, 4 Day's Com. 274–7; Smith v. Sherwood, 4 Conn. 276–82; Bradford v. Bradford, 5 Conn. 127; Haight v. City of Keokuk, 4 Clark, Iowa, 199; Benz v. Huss & Tarr, 3 Kansas, 389–97.)

CURRIER, Judge, delivered the opinion of the court.

This is a proceeding under the statute in relation to forcible entries and detainers, and was commenced in July, 1867. The plaintiff alleges that he was in peaceable possession of the southeast quarter of section five, township fifty-four, range twenty, on the 20th day of December, 1866, and that the defendant on that day forcibly entered and took possession of the premises.

At the trial, the plaintiff having given evidence tending to prove the existence of these facts, the defendant offered to read in evidence the record of the proceedings and judgment in a prior forcible entry and detainer suit, wherein he was plaintiff and one Howe was defendant, for the purpose of showing that the point in issue in the pending suit had been adjudicated. The record thus offered in evidence shows that the first suit was commenced in May, 1867, and that Turner (the present defendant) recovered final judgment therein for the possession of the premises sued for, to-wit: "A certain cabin situated, standing, and being upon the southwest quarter of section five, township fifty-four, range twenty;" being the same quarter-section described

in the present complaint. In connection with the record, and in explanation of it, the defendant offered further to show by oral proofs :

1. That Howe forcibly entered and took possession of the premises, and held them under Harvie's (the present plaintiff's) authority, and as his tenant.

2. That the action was for the same premises, and that the verdict and judgment therein were rendered upon the same facts and issues, which are involved in the present suit.

3. That Harvie's agent had knowledge of that suit ; that he was present at the trial, and assisted actively in the preparation of the defense.

On objection, the court excluded the record and the oral evidence in explanation of it.

Whether this action of the court was warranted and correct, is the main matter for consideration. Its action in this behalf is sought to be defended upon the assumed ground that the subject-matter of the two actions and the parties were different.

1. As to the subject-matter. Possibly a rigidly strict construction of the complaint in the first suit might limit its subject to the cabin superstructure, apart from the land occupied by it. But that is evidently not the sense in which the term " cabin " is there used. The action was founded upon an alleged forcible entry upon and detention of real estate. It was brought to recover possession of real property, and was not an action of replevin to recover possession of a personal chattel. Unless the ground covered and inclosed by the cabin was included, as well as the superstructure itself, the proceeding failed of its purpose, and was wholly nugatory. A fair construction of the record offered in evidence, however, discloses a recovery by Turner (the present defendant) of the locality inclosed by the cabin as well as the cabin building, the two together constituting the " premises " sued for in that action ; and to that extent the matters litigated between Turner and Howe in the first suit are *res adjudicata* as to them and their privies. The adjudication, however, in no way affected the title to the premises or the right to their possession. (Beeler v. Cardwell, 29 Mo. 72 ; Krevet v. Meyer,

24 Mo. 107.) That suit determined that Turner, as a matter of fact, within the three years next prior to its institution, was in peaceable possession of the cabin inclosure, and that his possession was unlawfully invaded by Howe. These facts can not be litigated over again in a subsequent forcible entry and detainer suit between the same parties, although the subsequent suit may embrace premises not included in the first. This second suit embraces all that was included in the first, and to that extent the identity between the two is perfect and indisputable. It would hardly be claimed that Howe could escape the consequences of the first judgment by a mere enlargement of the claim, suing for all that was embraced in the original litigation and something more. If that could be done, judgments could be rendered of no effect by mere artifice and subtlety. I am of the opinion that the exclusion of the defendant's evidence was not warranted upon the ground of a difference in the subject-matter of the two suits.

2. As to the identity of the parties. By identity of parties, the law does not mean that the parties must be literally and nominally the same. If an agent or tenant were sued in the first action, and the principal or landlord had notice of the pendency of the suit, and an opportunity to come in and cross-examine the witnesses, and make defense to the action, the identity of the parties is sufficient, although the principal or landlord may be the actual party to the subsequent suit involving the same subject-matter. (1 Phil. Ev. 320, notes 111–12, 5th Am. ed., and the cases there cited.)

Whether Harvie had notice of the first suit, whether his agent was present at the trial and participated in the defense, and whether Howe was Harvie's tenant, were all matters to be inquired into; but the court erroneously excluded the proffered proofs, and stopped the investigation. The judgment must therefore be reversed and the cause remanded.

Whether the possession of the cabin inclosure determined the possession of the whole quarter-section, is a question requiring no attention at this time.

As the case goes back for re-trial, it should be further observed that the plaintiff's third instruction is subject to objection as being

abstract and misleading. It ought not to have been given in its present form. The defendant's fifth instruction is objectionable and was properly refused. It comments on the evidence, and assumes to declare its degree of strength. That was for the jury to determine. The other judges concur.