### G. C. PETSCH v. A. L. MOWRY.

Mowry, the lessor, who alleged that his tenant was holding over, under a parol lease from month to month, brought an action of unlawful detainer

Petsch *v.* Mowry.

before a justice of the peace, against Petsch, the tenant, to recover the possession of certain premises. Petsch claimed to hold under a parol lease for three years; and upon the hearing, Mowry obtained judgment of restitution. During the trial no exceptions were taken by Petsch, and he took no appeal. When the writ of restitution was about to be executed, Petsch, upon petition to this court, obtained an injunction to prevent its execution, upon the ground that according to section 10, Justices' Act (1 S. & C. 772), the justice had no jurisdiction to declare a forfeiture of his lease. Mowry answered the petition, denying its allegations, and alleged the tenancy from month to month, the holding over, and the insolvency of Petsch, and set up the judgment in detainer.

*Held*, 1. That whether or not there was such a tenancy as the plaintiff in detainer claimed, and the party was holding over his term, were questions of fact for the determination of the justice, and this court, not being a court of error or appeal in detainer, is bound by it.

2. That the action of unlawful detainer is a possessory action merely; and that sections 10 and 126 of the Justices' Act must be so construed as to harmonize the act and support the jurisdiction of justices in the action.

3. That in actions of unlawful detainer, the nature of the plaintiff's title, whether in fee simple or for years, is immaterial. Proof of his possession, at the time of creating the tenancy and delivery thereof to the defendant, is sufficient to support the action, and the defendant can not, by the introduction of proof of title, defeat it.

4. Title, in the legal construction of section 10, Justices' Act, does not mean title by mere possession which only the plaintiff need prove.

5. The tenant having other remedies under the act relating to actions in detainer (1 S. & C. 791), *quære*, whether this court can interfere in such a case as this, where he has not chosen to avail himself of them?

The facts of the case are set forth in the opinion.

*Sayler & Sayler*, for plaintiff.

*J. F. Baldwin*, for defendant.

HAGANS, J. The question in this cause is, whether a justice of the peace had jurisdiction *to try* an action for unlawful detainer, upon the following facts: Mowry claimed to have verbally leased to Petsch certain premises on Third street, between Main and Walnut streets, from month to month, at a rent agreed upon between them, and that Petsch entered into possession accordingly; but Petsch being in arrears for rent, February 1, 1867, Mowry shortly afterward began proceedings for unlawful deten-

tion before C. F. Hanselman, J. P., to obtain possession of the premises, on the ground that his tenant was holding over. On the trial of the cause before the justice, Petsch claimed that although he had not paid his rent, he was not holding over; because he had a verbal lease from Mowry for three years, which had not expired. There was considerable testimony on this subject; and the justice finally held that Petsch was a tenant from month to month, holding over his term, and rendered judgment of restitution. No exceptions seem to have been taken at the trial, as provided in section 136, Justices' Act (1 S. & C. 794). Mowry sued out an execution, and, when it was about to be executed, Petsch filed his petition in this case, claiming that he was holding the premises under a verbal lease for three years; setting forth the judgment in detainer against him, and alleging that the magistrate had no jurisdiction *to declare a forfeiture of his lease,* or to render judgment in restitution, or to issue execution thereon; and that irreparable injury would ensue to him if the writ was executed, and prayed an injunction, which was allowed. The defendant, Mowry, answered, denying all the allegations of the petition, alleging a monthly tenancy, default in payment of rent, and setting up the judgment in detainer, and that Petsch was insolvent and still in possession of the premises.

The controversy has been pending for a long time, with varying fortune, and has, in one shape and another, been before all the judges of this court. Trial was finally had, judgment rendered for defendant, a bill of exceptions taken, embodying all the testimony, and the cause is now here on error.

If the justice had jurisdiction to hear and determine the proceeding in unlawful detainer, then the judgment of the court below was right, and the injunction ought not to have been allowed; otherwise, not, unless there is something else that authorized the interference of the court. Nothing else appears as the case now presents

Petsch v. Mowry.

itself, but the bare question of the jurisdiction of the justice.

It will be observed that Petsch did not avail himself of any of the provisions pointed out by the statute relating to detainer as the predicate of a proceeding in error. If he had done so, another tribunal would have had the supervision in a proper case, for the correction of errors. *Kelly* v. *Nichols*, 10 Ohio St. 326.

But failing to do so, we can not help him by reviewing as in error.

Section 126 of the Justices' Act defines the cases in which the action for detainer will lie. The first sentence reads as follows: "Proceedings under this article may be had in all cases against tenants holding over their terms." The bill of exceptions contains the record of the proceedings before the justice, and the complaint shows that the proceeding was instituted because Petsch "was unlawfully holding over his term," and the proceeding also shows every step in it to have been regular, such as service of process, trial, judgment, etc. Now, if this were all there is in this cause, that judgment, unless reversed by the court having jurisdiction in error, in a proceeding for that direct purpose, binds the parties. *Moore* v. *Robinson*, 6 Ohio St. 305.

But it is said that the preponderance of evidence before the justice, plainly showed that Petsch had a lease for three years, and that the justice, therefore, had no jurisdiction. If this were so, how can we sit as a court of errors to correct an alleged erroneous conclusion of the justice upon the disputed facts? The jurisdiction of the court does not depend on the merits of the case, and if there were the power to hear, ascertain, and determine the rights of the parties—which is jurisdiction—the judgment, however erroneous, is not void, but only subject to correction in a proper proceeding.

Again, by referring to section 127 of the same act, it will be perceived that either party, notwithstanding the

judgment of the justice or of the court of error, might bring an after action, if there be any sufficient ground for it. He might bring trespass or ejectment, or indeed another action of unlawful detainer in a proper case possibly; and the section we have quoted says the former judgment shall be no bar to it. If this be so, the interference of a court of equity in such a case as this is questionable, as the party may have abundant remedy in other forms of action.

But is the defense made by Petsch, that he had a lease for three years—that is to say, a better or paramount title to that of the landlord—to be allowed?

In *The People* v. *Nelson*, 13 N. Y. 343, the Judge (Spencer) says, "that the right and title of the defendant can not be gone into." 11 Johns. 509, also.

If, therefore, Petsch considered his claim to be paramount to that of Mowry, he must resort to some other remedy to maintain his claim. *Dutton* v. *Tracy*, 4 Conn. 80.

It may be said, however, that behind all this discussion, there remains a decisive evidence that the justice had no jurisdiction in this; that the title to real estate was drawn in question; and that in that case, except in trespass, the justice has no jurisdiction. Compare sections 3 and 10, Justices' Act (1 S. & C., pp. 770 and 772).

The action for detainer is a possessory action merely. In general, the title of the plaintiff is not to be investigated. The nature of his estate, whether fee simple or for years, is immaterial. His possession at the time of making tenancy and the delivery of that possession to the defendant is sufficient; and the defendant can not, by the introduction of proof of title, take away the jurisdiction, for that would put it in his power to defeat the action. *Nichols* v. *Patterson*, 4 Ohio, 200; *Bridgman* v. *Wells*, 13 Ohio, 46. In this last case, the court says, speaking of the jurisdiction of a justice, "The rule is this, as we understand it, where the plaintiff, in order to sustain his case, is compelled, in the first instance, to prove certain facts, or to disprove

them, and those facts, or either of them, are title to lands or tenements, the jurisdiction is excluded, except in trespass; but where it is unnecessary for the plaintiff to introduce such proof, the defendant can not, by its introduction, take away the jurisdiction."

In 4 Ohio, 200, the court says: "It can hardly be denied that possession is one species of title, and this must either be established on the trial, or the plaintiff will be non-suited. In this action"—which was for a nuisance on real estate before a justice, where this objection was made—"a mere naked possession, a title of the lowest and most imperfect degree, but nevertheless a title, is necessary to enable a plaintiff to support it. The word title must be taken in its legal technical sense; and if so, a naked possession must be admitted to be within the statute." But that cause went off, on the ground that the statute expressly excepted actions for nuisances from the jurisdiction of a justice; so that the language of the court is mere *obiter dicta.* "Certainly, a matter so important," says the judge in the same case, "as the jurisdiction of a court, ought to have, if possible, some rule of general application."

We see no reason why it is not possible to avoid so strict a construction, when it would deprive justices of jurisdiction in so large and important a class of cases as that of the various actions of detainer. For so strict a construction, as that suggested by the Supreme Court, would, at a single blow, strike the whole act relating to detainer from the code. We can not think this to have been the intention of the legislature. The same act providing for and limiting the jurisdiction of a justice, also provides for the proceedings in detainer, and in comparing the sections together we feel justified in the conclusion which we have reached, and which harmonizes the whole act and evidently expresses the legislative intent, viz: that in detainer justices have jurisdiction to hear and determine the mere possessory right of the parties. Title, in the legal

construction of the Justices' Act, does not mean title by mere possession, which only the plaintiff need to prove. See *Aubrey* v. *Almy*, 4 Ohio St. 524.

The very moment, therefore, Petsch's term ended, as the justice found, Mowry had his right of action for detainer against the defendant for holding over; the magistrate had juristiction to hear and determine it and to render judgment, notwithstanding the defendant claimed a lease for three years. And that judgment is final, so far as this court is concerned, and the injunction was not properly issued.

We have been cited, in argument, to a number of cases relating to forfeiture, which, in the views we have expressed, have no application. The justice did not forfeit the alleged lease, but rendered judgment in detainer for holding over.

Judgment affirmed.