MARY DUNN, APPELLANT, v. WILLIAM REMINGTON, APPELLEE.

1. **Equity Jurisdiction:** FRAUD WITHOUT INJURY. A court of equity will not entertain a petition for relief on the ground of a *fraud*, from which no damage, either present or prospective, can result.

2. **Pleading:** PETITION IN ACTIONS TO RECOVER REAL PROPERTY. In a petition to recover real property, it is not necessary to use the very expressions declared by section 626 of the code of civil procedure to be sufficient in stating the cause of action, but any other language of equivalent import may be employed.

APPEAL from Saline county district court. Heard there on demurrer to the petition, which was sustained and the action dismissed. The opinion contains the substance of the petition and states the case.

*M. B. C. True* and *E. S. Abbott*, for appellant.

Under the statute there is no action-at-law nor suit in equity, as such. If the facts stated in the petition disclose that the plaintiff is entitled to the relief prayed

for, relief will be granted.    Civil Code, §§ 2, 90.    *Wilcox v. Saundevs*, 4 Neb., 569.    *Turner v. Althaus*, 6 Neb., 55.

*W. H. Morris*, for appellee.

The distinction between law and equity is preserved, and therefore, when the cause is purely a legal claim and especially one in tort, it must be an action of law, and the case must be determined according to rules of law.    In cases at law party is entitled to a jury trial, and in equity cases the hearing is exclusively by the court.    *Wilcox v. Saunders*, 4 Neb., 569.    When statute says that there shall be but one form of action, form, and not substance, is spoken of.    When it is attempted to abolish distinctions between law and equity, we cannot be compelled to abandon familiar and appropriate words.

LAKE, J.

This case evidently was commenced, and has been proceeded with as one suitable for equitable cognizance, and accordingly was brought into this court by appeal.    Indeed, the primary relief sought is the cancellation of a certain lease, alleged to have been obtained from the county commissioners, in fraud of the plaintiff's rights, and under which the defendant took possession of and now holds the premises in controversy.

But, whatever the views of the pleader may have been of the character of his suit, the more important inquiry is, do the facts alleged make a cause of action of any kind, either legal or equitable, or both legal and equitable, and over which the court had jurisdiction?    A petition cannot be properly measured by the

views of the draftsman as to the sort of relief to which it may entitle the plaintiff.

The material averments of this petition may be briefly stated thus : *First*, In June, 1873, the plaintiff purchased this land from the state of Nebraska, at a sale of unsold school lands lawfully held at the county seat of Saline county, paying at the time one-tenth part of the purchase price, and also an installment of interest on the residue, as required by law, and thereupon took immediate possession, and made valuable improvements thereon. That she has not sold, or in any way disposed of her interest in the land thus acquired. *Second.* That in August, 1874, the defendant, by means of certain fraudulent misrepresentations, procured from the county commissioners of said county a lease of the same land, and thereupon took forcible possession, excluding the plaintiff therefrom, to her damage in the sum of $300.

Now, while it may very clearly appear that this lease was procured by false and fraudulent means, we fail to see wherein legally it can do the least harm to the plaintiff, or why the aid of a court of equity is sought against it. From the plaintiff's own showing, her right to the land existed for more than a year before the lease was given, and her possession was notice to the whole world of the nature and extent of her interest in it. Under the circumstances this lease could not possibly be of any avail, as against the plaintiff, in any proceedings concerning her right to the land. We are of opinion, therefore, that the facts stated do not entitle her to any equitable relief whatever. Fraud without injury, either present or prospective, is no ground for the interference of a court of equity. 1 Story, Eq. Jurisprudence, § 203 (6th ed.)

But is enough alleged to warrant any other relief? In an action to recover real property, besides a proper

description, it is sufficient to allege that the plaintiff has a legal estate therein, is entitled to the possession, and that the defendant unlawfully keeps him out of the possession thereof. Code of Civil Procedure, Sec. 626. The statute certainly does not exact the use by the pleader of the precise words and phraseology there given, but, in effect, it declares that if used they shall be deemed a sufficient statement of a cause of action. Any other words or expressions of equivalent import would doubtless answer just as well.

So we see in this petition that the plaintiff does not say, in the very language of the statute, that she "has a legal estate therein," but she gives a statement of facts, "in ordinary and concise language," concerning the land and her relation to it, from which, if true, it necessarily follows that she has. And the same is true of this pleading as to all the rest of what may be properly termed the statutory requisites of a petition for the recovery of real property. There are also suitable allegations to support a recovery of damages for the use of the premises during the adverse occupancy, if she succeed in her claim for the land.

REVERSED AND REMANDED.