WILLIAM B. DALE, PLAINTIFF IN ERROR, v. WILLIAM B. DODDRIDGE, DEFENDANT IN ERROR.

1.  **Performance.** Where an act is to be performed within a certain time, as within three days *after* the service of a notice, the party notified has the whole three days in which to perform the act, and an action instituted on the third day is premature.

2.  **Forcible Entry and Detainer.** The judgment of a justice of the peace, or of the district court, in proceedings in forcible entry and detainer, is conclusive in that proceeding on the matters in issue at the time of its rendition, unless such judgment is reversed or modified by proceedings in error. But the judgment is no bar to another action in relation to the title of the premises.

ERROR to the district court for Platte county. Tried below before POST, J. The opinion contains a statement of the facts in the case.

*Whitmoyer, Gerrard & Post,* for plaintiff in error.

1.  The notice to quit was insufficient, and should not have been received in evidence. The date fixed in notice must correspond with termination of the lease; this requirement is imperative. Wade on Notice, §§ 583, 584, 603, 609, 610, et seq. *Waters v. Young,* 11 Rhode Island, 1 (23 American, 409). *Steward v. Harding,* 2 Gray, 335. *Oakes v. Munroe,* 8 Cush., 282. The action mentioned in 1021 is an action proper for possession or title, or both, in a court of competent

jurisdiction. 1 Wait's Actions and Defences, 9. 3d Id., 395. Again, suppose the plaintiff to have been actually ousted under the judgment of the justice, the statute makes no provisions by which he could in turn maintain a suit for the forcible detention of the same property. The doctrine that a party out of possession may harass his adversary by innumerable prosecutions under this act until the defendant is exhausted by litigation, or until through court or jury he at length secures a favorable verdict, is too monstrous to be tolerated. On trial plaintiff in error offered to show by himself as a witness that since said contract of purchase, and while holding under and by virtue of said contract, he had made valuable improvements thereon to the amount of $1,700, and had paid taxes thereon with the full knowledge and consent of the defendant in error, which evidence was rejected by the court and exception duly taken. The ruling cannot be sustained. Admit all that can be said concerning the contract, viz.: that standing alone it would be within the operation of the statute of frauds; second, that plaintiff being in possession as tenant of defendant in error at the time of the purchase, his subsequent possession would be referable to the former tenancy, unless the contrary clearly appear. Valuable and lasting improvements made on the premises under a parol contract of purchase, with the privity of the vendor, is sufficient to satisfy the statute of frauds. *Morelan v. Lemasters*, 4 Blackf., 383. *Stater v. Hill*, 10 Ind., 176. *Galbraith v. Galbraith*, 5 Kan., 402. *Edwards v. Fry*, 9 Id., 417. Held, sufficient in the above cases to warrant a decree for specific performance. Any act may be proved which tends to show that the relation of landlord and tenant does not exist. *Edwards v. Spry*, supra. *Armstrong v. Kattenhorn*, 11 Ohio, 272. Brown on Statute of Frauds, § 478.

*Millet & Son,* for defendant in error.

1.   Dale, on the 6th day of July, 1878, being the tenant at will, or from year to year, of Doddridge, and having neglected and refused to pay rent for premises since March, 1877, this action was well brought. Laws, 1875, pages 43 and 44.   Taylor's L. and T., §§ 59 to 63 inclusive.

2.   The position of plaintiff in error cannot be maintained—that because these parties entered into a verbal agreement for the purchase of the property in question in March, 1877, while Dale was tenant of Doddridge, which agreement Dale wholly failed and refused to perform, changed the relation of the parties from landlord and tenant to that of vendor and vendee—for the following reason: in order to change the relation of these parties it would be necessary for Dale to show such a verbal contract that a court of equity would enforce, and such state of facts that would amount to a fraud on Doddridge's part in not complying with his part of such agreement.   Pomeroy on Contracts, §§ 103 and 106.

3.   The alleged contract is indefinite, and Dale, having defaulted in the payment of the purchase money and back rent, would have no standing in a court of equity in an action for specific performance. Pomeroy on Contracts, § 99.   *Poland v. O'Connor,* 1 Neb., 50.

MAXWELL, CH. J.

In the year 1874 the defendant leased to the plaintiff lots one and two in block 144, in the city of Columbus, for $15 per month rent.   The plaintiff immediately entered into the possession of the premises, and has continued in possession of the same.   In March,

Dale v. Doddridge.

1877, the plaintiff entered into a verbal contract with the defendant for the purchase of the premises for the sum of $1,000, to be paid some time thereafter in county warrants. There is some testimony tending to show that the plaintiff was to pay $15 per month rent up to the time of making the payment, although the plaintiff denies that such was the fact. It is clearly shown that the plaintiff made certain improvements on the premises in March, 1877, to be applied on rent in case the sale was not completed. No rent was paid in any other manner after that period. In September, 1878, the defendant in error instituted this action before a justice of the peace, and judgment was rendered against the plaintiff in error. The district court affirmed the judgment of the justice, and the plaintiff in error brings the cause into this court by petition in error.

The attorneys for the defendant in error object to the bill of exceptions because it is alleged that it was not signed during or at the close of the trial. It appears from the docket entry found in the bill of exceptions that "the said jury were thereupon discharged. It is therefore considered by me, at 11:20 o'clock P.M., this 14th day of September, 1878, that the said plaintiff have restitution of the premises described in said complaint, and recover of said defendant the costs of this action as hereinafter taxed. Thereupon the said defendant immediately presented his bill of exceptions, which is duly allowed.

"STEPHEN S. McALLISTER, *J. P.*"

The certificate to the bill of exceptions is as follows: "Whereupon the court rendered judgment against said defendant on said verdict, to which defendant excepted and still excepts, and tenders this his bill of exceptions, which is accordingly allowed and signed as a true bill.

" Witness my hand this 14th day of September, 1878.

" STEPHEN S. MCALLISTER, *J. P.*"

Afterwards there is a statement to which no signature is appended, saying that the bill was actually signed on the 18th day of September, 1878.

The court must presume the docket entry and the certificate to have been made at the time they purport to be, and even if the supplemental statement had been signed it would be void, as a justice could not thus stultify himself. In deciding this application, it is unnecessary to decide how far the act of 1877 [Laws, 1877, p. 11] in relation to bills of exceptions applies to proceedings before justices of the peace, although probably it has no application.

On the trial of the cause the defendant in error offered in evidence the following notice:

" To W. B. DALE.

" SIR: I wish you to leave the following premises now in your occupation, to-wit: lots numbered one (1) and two (2) in block one hundred and forty-four (144) in the town, now city, of Columbus, and known and designated on the lithographed and recorded plat of said town, now city, situated in Platte county, state of Nebraska. Your compliance with this notice within three days *after* its service will prevent any legal measures being taken by me to obtain possession.

"I am respectfully,

" WILLIAM B. DODDRIDGE.

"By G. C. BARNUM, his agent. Dated Sept. 4, 1878."

On the 7th day of September, 1878, the action was commenced. The plaintiff in error objected to the introduction of the notice on the ground that it was " insufficient." The particular cause of insufficiency is not pointed out, and the notice, so far as we can perceive,

is sufficient in form. A more serious question arises as to the time the action was commenced. The notice is dated the 4th of September, 1878, and appears to have been served on that day, and requires the plaintiff herein to remove from the premises *within three days after its service*. Under such a notice the day of service is excluded, and the computation commences on the 5th, and the tenant is entitled to the 5th, 6th, and 7th days in which to remove from the premises.

In *Wright v. Lepper*, 2 Ohio, 300, the court say: "There can be no question that he who is bound by a condition to do an act *within six months* has the whole period of six months to perform it in, and cannot be called upon by the other party to perform it before the last day." And where an act is required to be done within a certain time after the date, or day of date, the day of the date must be excluded, and the party may perform the act at any time within the limitation. *Farwell v. Rogers*, 4 Cush., 460. *Oatman v. Walker*, 33 Me., 71. *Wiggin v. Peters*, 1 Met., 127. *Ewing v. Bailey*, 4 Scammon, 420. *Windsor v. China*, 4 Greenleaf, 298. The plaintiff was therefore entitled to the whole of the 7th day of September in which to remove from the premises, and no action could be maintained before the expiration of the time fixed in the notice. But the notice is for the protection of the tenant, and may be waived by him, and will be waived if he proceed to trial without objection on that ground, more particularly so where he claims title in himself to the premises.

On the trial of the cause the plaintiff in error offered in evidence a transcript of the proceedings in the case of W. B. Doddridge *v.* W. B. Dale and Caroline E. Dale, in the county court of Platte county, to which the defendant in error objected. The objection was sustained and the evidence excluded, to which the

plaintiff herein excepted. It appears from the tran-
script offered in evidence that on the 13th day of Au-
gust, 1878, the defendant in error instituted proceed-
ings against the plaintiff in error and his wife for the
forcible detention of the premises described herein.
On the 26th day of August, 1878, the cause was tried
to the court, and the following judgment rendered:
"The court being fully advised in the premises, finds
that the cause of action herein accrued more than one
year prior to the commencement thereof. It is there-
fore considered and adjudged by the court here that
this action be dismissed, and that the said plaintiff
(defendant in error) be adjudged to pay the costs here-
in, taxed at $6.15 as per margin.

"JOHN G. HIGGINS,

"County Judge."

Section 1021 of the code provides that: "Judg-
ments either before the justice or in the district court,
under this chapter, shall not be a bar to any other ac-
tion brought by either party." Gen. Stat., 689. And
in *Myers v. Koenig*, 5 Neb., 422, the court say: "It is
expressly provided in the law that the judgment   *   *
shall not be a bar to an after action brought by either
party." Do the provisions of section 1021 authorize a
plaintiff, upon a judgment being entered against him
in proceedings for forcible entry and detainer, to at
once institute another action, and so *ad infinitum?* In
other words, is the judgment of the justice upon the
matters in issue in the case conclusive in that form of
proceeding until modified or reversed?

In *Kelly v. Nicholas*, 10 Ohio State, 318, the court say:
"The action of forcible entry and detainer was a spe-
cial statutory remedy provided by ' an act to regulate
the action of forcible entry and detainer,' passed Feb-
ruary 25, 1831, and subsequent amendments there-
to." * * Section 9 of the act provides: " that no

appeal shall be allowed from the judgment of the justice; but that the proceedings of said justices might be removed by *certiorari* into the court of common pleas of the county." On page 326 of the same case the court say: "It is true the proceeding in forcible entry. and detainer is not, strictly speaking, a civil action at *law* nor a *suit* in equity, but was doubtless intended to be embraced by the provision of section 605 of the code, as in civil actions given by statute. And, the judgment and proceedings in forcible entry and detainer are clearly within sections 511 and 524 of the code. The subject was there equally subject to review and reversal by the court of common pleas, as if it had been an action at law."

That the judgment of the justice is a final judgment from which error will lie there is no question. And as between the parties in that proceeding as to the matter put in issue, it is final, until modified or reversed, there is no doubt. If a party upon being defeated in an action, could immediately institute another, and upon being defeated in that at once bring another action, and so on, indefinitely, the proceeding would be an expensive farce, determining nothing, and binding no one by the adjudication. But such is not the law. No appeal is allowed, but either party may have the judgment reversed for errors appearing on the record. But the judgment in this proceeding, whether rendered before a justice of the peace or in the district court, is not conclusive as to the title, as it determines only the right to the possession. *Harvie v. Turner*, 46 Mo., 444. Taylor's Landlord and Tenant, § 793. The judgment, therefore, is no bar to any other action in relation to the title to the premises. The court therefore erred in excluding the transcript offered in evidence, it being apparent that the detention complained of is the same as that upon which this action is predicated

The offer to show that the plaintiff had made valuable improvements on the premises to the amount of $1700 was properly excluded, there being no testimony tending to connect the same with the improvements authorized by the agents of the plaintiff in March, 1877, or to show that the defendant herein authorized the same. The testimony as to payment of taxes, however, should have been received if, as claimed, they were paid " with the full knowledge and consent of the plaintiff " (defendant in error). It is unnecessary to pass upon the character of the plaintiff's possession, and for this reason it is unnecessary to review the instruction asked.

For the reasons above assigned the judgment of the district court is reversed, as also the judgment of the justice of the peace, and the cause remanded for further proceedings.

REVERSED AND REMANDED.