[No. 1,036.]

## D. AND B. LACHMAN, APPELLANTS, *v.* T. AND I. BARNETT, RESPONDENTS.

FORCIBLE ENTRY AND UNLAWFUL DETAINER—RIGHT OF POSSESSION NOT INVOLVED—ADMISSION OF DEEDS ERRONEOUS.—In an action of forcible entry and unlawful detainer, neither title nor right of possession being involved, it is erroneous to admit quitclaim deeds in evidence, as tending to show possession.

APPEAL from the District Court of the Second Judicial District, Washoe County.

*Haydon & Queen,* for Appellants:

The deeds allowed in evidence were inadmissible for any

purpose; were quitclaims, and estopped no one. (18 Cal. 465; 16 Id. 103; 1 Saw. 238; 17 Cal. 51.)

*Webster & Rankin*, for Respondents:

I. The cases cited by appellants from California, are not in point on any theory of the case.

II. The evidence shows that the defendants expended money in making doors and windows in their buildings with reference to the use of the alleyway. On this theory the deeds were properly admitted in the limited form they are in evidence, for the purpose of showing affirmatively a license in the defendants to use the alley, and in connection with other evidence, as tending to show an executed license on the part of the defendants. (*Rerick* v. *Kern*, 14 Serg & R. 267–272; Adams' Eq. sec. 211.)

By the Court, BELKNAP, J.:

This is an action of forcible entry and detainer. The defendants, claiming an easement in a narrow strip of land alleged to be unlawfully withheld by them, introduced in evidence upon the trial, against plaintiffs' objections, two quitclaim deeds of premises embracing this strip. The elder deed was executed by defendants to one Becker; the junior one by Becker to plaintiffs, and each purported to reserve the easement. The deeds were admitted "as tending to show possession in the defendants and as characterizing their possession, and for no other purpose." The deeds did not show nor tend to show an actual possession in the defendants and were not admissible for such purpose. (*Sanchez* v. *Loureyro*, 46 Cal. 641.) Their tendency was to prove a right of possession in defendants, but that was a question that could not be litigated in this action.

The case was tried upon the theory and the jury were instructed that neither title nor right of possession was involved, but with the deeds before the jury we can not say that plaintiffs may not have been prejudiced.

The judgment of the district court is reversed and a new trial ordered.