JENKINS *et al.* v. JEFFREY.

(March 3, 1892.)

JURISDICTION—VOLUNTARY APPEARANCE—FOR-
CIBLE DETAINER—TITLE TO LAND.

1. An action brought before a justice under
the designation of "forcible detainer," but which
was in reality ejectment, the only issue present-
ed being title and the unlawful possession of de-
fendants, and which should therefore have been
dismissed for want of jurisdiction, was, on mo-
tion of defendants, certified to the district court,
apparently on the supposition that it was gov-
erned by Rev. St. § 3435, providing that, if it
shall appear on the trial of any case before a jus-
tice from the evidence that the title to land shall
be disputed or brought in question, the cause
shall be certified to the district court. Defend-
ants then appeared in the district court, and suc-
cessfully resisted plaintiff's motion to remand.
*Held* that, by reason of such appearance and
proceedings on the part of defendants, the court
obtained jurisdiction of their persons, which
could not be affected by the fact that, before go-
ing to trial, they moved to dismiss for want of
jurisdiction; and therefore the district court had
jurisdiction of the action, the subject-matter
thereof being within its original jurisdiction.

2. An action of forcible detainer cannot bring
in question the title to land, within Rev. St.
§ 3435.

Error to district court, Laramie county.

Action by John K. Jeffrey against Helen
Jenkins and John Jenkins for possession
of land. Judgment for plaintiff. Defend-
ants bring error. Affirmed.

*P. Gad Bryan* and *John Charles Thomp-
son,* for plaintiffs in error. *E. W. Mann,*
for defendant in error.

GROESBECK, C. J. August 16, 1890, John
K. Jeffrey, the defendant in error, brought
an action under the style and designation
of "forcible detainer" before W. F. LEE, one
of the justices of the peace for Laramie
county. Summons was issued against the
defendants therein, Helen Jenkins, and
John Jenkins, who was joined as husband
of the said Helen, and the claim of the
plaintiff was stated in the summons "that
the defendants unlawfully detain from the
possession of the plaintiff lot number 3, in
block number 357, in the city of Cheyenne."
The notice to vacate premises, given by
plaintiff to the said Helen, was filed. Au-
gust 20, 1890, the summons was returned,
and the parties appeared before said jus-
tice of the peace. The plaintiff, Jeffrey,
filed his complaint, which is in the follow-
ing language: "The plaintiff in this ac-
tion complains of the defendants herein,
and alleges that said defendant Helen
Jenkins is the wife of the defendant John

Jenkins, who is joined with her for the
purposes of this action. For a cause of
action the plaintiff alleges that he is the
owner of the following described real es-
tate, to-wit: All of lot number three, (3,)
in block number three hundred and fifty-
seven, (357,) in the city of Cheyenne, in the
county of Laramie and state of Wyoming.
That the possession of said premises is,
and for a long time has been, unlawfully
and wrongfully withheld from this plain-
tiff by said Helen Jenkins; and that more
than three days before the commencement
of this suit this plaintiff caused to be
served upon said defendant Helen Jenkins
a written notice to surrender the posses-
sion of the said premises, but that said
Helen Jenkins failed and refused, and still
fails and refuses, to surrender possession
thereof to this plaintiff. Wherefore said
plaintiff demands judgment against said
defendants for the possession of said prem-
ises, and the costs of this action." The
defendants answered, (probably orally, as
no written answer is here,) denying "that
the plaintiff is the owner of the property
described in the complaint, or that he is
entitled to the possession thereof, and al-
leges that the defendant Helen Jenkins is
the owner of said property, and now has,
and for a long time past has had, the
rightful possession thereof, and demands
judgment from the plaintiff for costs."
The defendants then asked "that the case
shall be certified and returned to the dis-
trict court of the county." After taking
the matter under advisement until the fol-
lowing day, the said justice of the peace,
upon the appearance of the parties, "ruled
that this case be certified to the district
court." The plaintiff, Jeffrey, took an ex-
ception to this ruling. The cause was so
certified, and a transcript of the record
and all the original papers in the case
were transmitted by said justice of the
peace to the district court of Laramie
county. The parties appeared in said dis-
trict court October 9, 1890, and, the plain-
tiff, Jeffrey, having filed a motion to "re-
mand the cause back to the justice of the
peace before whom it was originally
brought," the court, after hearing the ar-
gument of the counsel, overruled said mo-
tion, and the plaintiff, Jeffrey, excepted.
The cause was then set for trial for Octo-
ber 11th. October 10th the defendants
moved to dismiss the cause on the follow-
ing grounds: (1) The court has no juris-
diction to try the same; (2) this is an ac-
tion for forcible entry and detainer, and

*Jenkins v. Jeffrey.*

this court has not original jurisdiction in such causes; (3) this case has not been brought to this court by appeal or on error, and the court, not having original jurisdiction, cannot try the case; and (4) the title to real property cannot be tried in this action. On the trial day this motion was also overruled by the trial court, to which ruling the defendants excepted; and, the cause having been submitted to the court without the intervention of a jury, trial by jury having been expressly waived, the court, having heard all the evidence and the arguments of counsel, found for the plaintiff generally that his complaint was true; that he was the owner and entitled to the immediate possession of the premises described in his complaint; and that the defendants unlawfully detained the same. The following judgment was at once entered on said findings: "Wherefore it is considered, ordered, and adjudged by the court that the said defendants, Helen Jenkins and John Jenkins, shall make restitution to the said plaintiff, John K. Jeffrey, of the premises in his complaint described, and shall restore him to the full and immediate possession thereof." Judgment for costs was also entered, and an order made for a writ of restitution. We have stated these various proceedings at length, in order that our views may be fully understood. The defendants below were given time to prepare and present their bill of exceptions for allowance, but none is here, and we have only the jurisdictional question to pass upon; that is, whether or not the district court had jurisdiction of the subject-matter of the cause.

There can be no question that the justice of the peace had no right to try the cause. The complaint before him, and which we have embodied in full in this opinion, was insufficient in the action of forcible detainer, under the provisions of the Justices' Code. Sections 3578, 3579, of the Revised Statutes provide that, before the justice shall proceed, the plaintiff shall file a complaint, in which he shall describe the property, the possession of which is claimed, and the facts upon which he relies in order to recover the premises, which must be sustained by proof, or the action must be dismissed; and this complaint must be filed whether the defendant appears or not. The defendant is required to admit or deny these facts in his answer. In this complaint there is a bare allegation of ownership, and that the

defendants unlawfully and wrongfully withheld the possession. There is no allegation of the facts upon which plaintiff relied to recover possession of the premises, and there was no issue formed upon which the justice of the peace could lawfully hear, try, and determine the controversy. He should have dismissed the cause summarily, unless the complaint had been amended so as to show the facts required in the statute, and under the pleadings, which disclosed an action in the nature of ejectment, he had no right to certify it to the district court. The only issue presented was that of title and the unlawful possession of the defendants, and this he could not try, as the allegations were those required in an action of ejectment. The action of forcible entry and detainer or of forcible detainer is no bar to an action of ejectment, (Rev. St. Wyo. § 3589,) but it cannot be a substitute for the action of ejectment, or, as it is termed under the Code of Civil Procedure, an action for the recovery of real property. The action of forcible entry and detainer or of forcible detainer is a summary method of determining the right or fact of possession. Where a defendant forcibly and unlawfully makes entry into lands and tenements, and detains the same, or when he unlawfully or by force holds the same, when his entry has been peaceable, the action, under the statute, will lie. It also lies, under the statute, against tenants holding over their terms, or after failure to pay rent for three days after due; in sales of realty on executions, orders, or other judicial process, when the judgment debtor was in possession at the time of the rendition of the judgment or decree by virtue of which such sale was made; in sales by executors, administrators, and guardians; and on partition, where any of the parties to the petition were in possession at the commencement of the suit, after such sales so made on execution or otherwise shall have been examined by the proper court, and adjudged legal by it; and in cases where the defendant is a settler or occupier of lands and tenements without color of title, and to which complainant has the right of possession. Sections 3574, 3575, Rev. St. Wyo. In none of these enumerated cases in section 3575 can the title be disputed or called in question, as, in the first instance, the tenant could not deny the title of his landlord, and in the others, referring to judicial sales, the solemn judgment or decree of a

Jenkins v. Jeffrey.

court of competent jurisdiction could not be impeached or collaterally attacked, while, if the defendant is in possession without color of title, there is no title to be adjudicated. In the general inquiry provided for in section 3574 there must be a forcible or unlawful holding or unlawful and forcible entry, such as would seem to preclude clearly any controversy over the title. The cases are almost unanimous in holding that, title not being in issue, no evidence to disprove the complainant's title is admissible. Evidence of title is sometimes admissible in forcible entry and detainer and detainer suits to show the purpose for which the entry was made, and the character and extent of the possession, though evidence of an adverse title cannot be given to prove the extent of the defendant's possession. 8 Amer. & Eng. Enc. Law, p. 166, and cases there cited. See, also, Goerges v. Huïschmidt, 44 Mo. 179; Pearson v. Herr, 53 Ill. 144; Spurck v. Forsyth, 40 Ill. 441; McCartney v. McMullen, 38 Ill. 241; Smith v. Hollenback, 51 Ill. 223; Petsch v. Mowry, 1 Cin. R. 36; Allison v. Casey, 4 Baxt. 587; Dale v. Doddidge, 9 Neb. 144, 1 N. W. Rep. 999, citing Harvie v. Turner, 46 Mo. 444, and Tayl. Landl. & Ten. § 793; Nicholson v. Walker, 4 Ill. App. 404; State v. Eisenmeyer, 94 Ill. 96; Kelly v. Sheehy, 60 How. Pr. 439; Lachman v. Barnett, 16 Nev. 154; Conaway v. Gore, 27 Kan. 122. The justice of the peace and the counsel for plaintiff in error evidently believed that section 3435, Rev. St. Wyo., controlled the disposition of the case. It reads as follows: "If it appear on the trial of any cause before any justice of the peace, from the evidence of either party, that the title to land or boundaries shall be disputed or brought in question by the other party, by pleading or evidence, the justice shall immediately make an entry thereof in his docket, and cease all further proceedings in the cause, and shall certify and return to the district court of the said county a transcript of all the entries made in his docket relating to the case in the same manner and within the same time as upon an appeal; and thereupon the district court shall proceed in the cause to final judgment and execution the same as if the said suit had been originally commenced therein; and the costs shall abide the event of the suit." But in the actions of forcible entry and detainer and detainer neither the title to land nor the boundaries of land can be properly disputed or called

in question. It was said in the case of Petsch v. Mowry, 1 Cin. R. 36, that "the action for detainer is a possessory action merely. In general, the title of the plaintiff is not to be investigated. The nature of his estate, whether fee-simple or for years, is immaterial. His possession at the time of making the tenancy and the delivery of the possession is sufficient; and the defendant cannot, by the introduction of the proof of title, take away the jurisdiction, for that would put it in his power to defeat the action." In Ohio, it seems, from the opinion in this case, that justices of the peace had no jurisdiction where the title to real estate was drawn in question, except in cases of trespass; and it was insisted in the presentation of this case of Petsch v. Mowry that the question of title arose. In construing these provisions of the Justices' Code, that court say: "We can see no reason why it is not possible to avoid so strict a construction, when it would deprive justices of jurisdiction in so large and important a class of cases as that of the various actions of detainer; for so strict a construction as that suggested by the supreme court would, at a single blow, strike the whole act relating to detainer from the Code. We cannot think this to have been the intention of the legislature. The same act providing for and limiting the jurisdiction of a justice also provides for the proceedings in detainer, and in comparing the sections together we feel justified in the conclusion we have reached, and which harmonizes the whole act, and evidently expresses the legislative intent, viz., that in detainer justices have jurisdiction to hear and determine the mere possessory right of the parties. Title, in the legal construction of the Justices' Act, does not mean title by mere possession, which only the plaintiff need to prove. See Aubrey v. Almy, 4 Ohio St. 524." But we have already seen that the complaint in the action before the justice was defective. It did not allege the facts upon which the plaintiff in that action relied in order to recover the premises. It did allege title of the premises in the plaintiff, Jeffrey, and the unlawful and wrongful withholding of the same by the defendant Helen Jenkins. There was no motion made to make this complaint more definite or certain, at any stage of the proceedings; neither was there any demurrer before the justice for lack of jurisdiction, nor in the district court that

the same did not set out facts sufficient to constitute a cause of action. The answer denied title in the plaintiff, and his right of possession, and set up title in Mrs. Jenkins. The defendants below and plaintiffs in error here were not misled as to the nature of the action. They understood it to be an action to try the title, and although the action was in name one of forcible detainer, or, more properly speaking, one of detainer, the issue was the same as that made up in an action of ejectment, or for the recovery of realty. The complaint in the district court would support a judgment in ejectment, particularly as its sufficiency was not assailed. All the allegations are present to make it a good petition in ejectment. The averment of three days' notice may be treated as a demand for the possession of the realty and refusal to surrender possession, or it may be treated as surplusage, as such demand would not probably be necessary to allege. The quantum of the estate is not alleged in the complaint, but this is not required by the statute. "In an action for the recovery of real property it shall be sufficient if the plaintiff state in his petition that he has a legal estate therein." Rev. St. Wyo. § 2987; Bates, Code Pl. 426, and cases there cited. The expressions of the statute that plaintiff has "a legal estate therein," in an action in ejectment, need not be followed. Any equivalent expression of his relation to the land is sufficient. Dunn v. Remington, 9 Neb. 82, 2 N. W. Rep. 230. The sole allegation of ownership in the land, inasmuch as no objection is raised to the averment, it seems to us, is sufficient to show a legal estate therein, as the term "owner" would seem to import an ownership in fee. At any rate, this defect, if defect it can be called, in the complaint, is cured by the subsequent plea to the merits and by the findings and judgment. The district court undoubtedly had jurisdiction of a suit involving title to the realty, and this jurisdiction was original. It had appellate jurisdiction only in cases of forcible entry and of detainer, and, as there was no trial or determination in the justice's court, the jurisdiction exercised by the district court was original and not appellate.

The position taken in this court in the argument of the cause by the learned counsel for plaintiffs in error, that the district court had no jurisdiction at all, either original or appellate, would be im-

pregnable, and at first appearance seems so, as jurisdiction of the subject-matter of a cause can never be conferred by consent. But it was not attempted to be conferred by consent; it already existed in the district court, and had only to be invoked by the parties, either by service of process, in the ordinary way, or by voluntary appearance, and plea to the merits. There can be no doubt that the trial court had jurisdiction of the persons of the defendants, as the cause was taken or removed there at their own motion; and they afterwards appeared there by counsel, to resist the motion of the plaintiff, Jeffrey, to remand the cause to the justice of the peace for trial. True, they afterwards moved to dismiss for want of jurisdiction, but after going voluntarily into court, and appearing in the action, it was too late to do this. No matter in what manner, by what means, or under what name, the action came into the trial court. it was a cause involving title and right to possession growing out of title alone, and of such actions the district court had jurisdiction to hear, try, and determine, and jurisdiction of the persons of the defendants was acquired by their voluntary appearance.

The findings of the trial court were findings in a suit for the recovery of the realty, and the judgment rendered upon them is in effect, if not in form, a judgment in ejectment. The position we assume in this "comedy of errors" is by no means a novel one. At an early day the following case arose in Illinois, and came before the supreme court of that state: A claim was presented for allowance to a county court, a body similar in powers and functions, it appears, to a board of county commissioners, or a board of supervisors, and which was, as stated in the opinion, a successor to the county commissioners' court. The claim was disallowed by this county court, and an appeal was taken to the circuit court of the county, but the statute gave no right of appeal from said county court in such matters to the circuit court. This latter court had original jurisdiction of an action to recover the amount due on the claim from the county, and the supreme court say: "The circuit court, then, had original jurisdiction of the subject-matter, and the parties, by voluntarily appearing and consenting to a trial between them upon that subject-matter, waived all objection to jurisdiction of the parties. The suit stood, so far

Redman v. Union Pac. Ry. Co.

as the jurisdiction of the court is concerned, the same as if it had been originally commenced in the circuit court in the ordinary way, and the parties brought in by the service of process; or as if they had voluntarily entered their appearance without any previous proceedings, and without objection gone to trial. In the case of Allen v. Belcher, 3 Gilman, 594, the suit was commenced before a probate justice of the peace, and appealed to the circuit court, where the parties appeared, and the cause was by consent tried; and upon error this court held that it was immaterial whether the probate justice had jurisdiction of the subject-matter of the suit, and the circuit court having original jurisdiction of the subject-matter, and the parties having consented to its jurisdiction of their persons, the circuit court might adjudicate upon the subject-matter as an original cause. The rule is that jurisdiction of the subject-matter cannot be conferred upon a court by consent of the parties, nor can want of it be waived; but, where the law confers upon the court original jurisdiction of the subject-matter, full appearance, without objection, confers upon the court jurisdiction of the person, and it may then adjudicate. It would be trifling with courts and the rights of parties to permit suitors, after voluntarily appearing and going to trial, to avail themselves of objection to the preliminary proceedings by which the cause or parties were in court. These are dilatory matters which they waive, and they are deemed to have waived them by full appearance without objection." Randolph Co. v. Ralls, 18 Ill. 30. This case has been cited in a number of text-books and treatises, and is the basis of the statement made by Mr. Wells in his treatise on Jurisdiction of Courts: "Although, where the appellate court has also original jurisdiction of the subject-matter, consent may waive irregularities of the appeal, or even defects in the jurisdiction below; the trial being *de novo*." Page 48. The array of facts in the case at bar, which we have detailed at length, present a much stronger case than the one just noticed. There an appeal was taken without the right of appeal, while here the jurisdiction of the district court was invoked by the parties denying the jurisdiction, and the cause was brought to the trial court at their request and on their motion, over the objection of the adverse party. By their action in having the cause transferred to the appropriate tribunal for trial, by their general and voluntary appearance in that court before filing their motion to dismiss, in resisting the motion to remand, by submitting to trial afterwards on the merits, the plaintiffs in error have lost all their rights of objection to the jurisdiction, and have had their day in court, thereby placing themselves beyond the pale of judicial aid. They were as much within the jurisdiction of the district court as if they had been sued in ejectment, and been served with process, or had voluntarily submitted their cause and pleaded to the merits. No amount of discussion can avoid this inevitable conclusion that the question of title was involved in this action, and that the judgment rendered by the court trying it might well be pleaded in bar in a suit for the recovery of the same premises, instituted by the plaintiffs in error against the defendant in error. We do not pass upon the propriety or the right to sue John Jenkins, or the necessity of joining him with his wife, as no question is made upon that point, and it is unnecessary to pass upon it. The judgment of the district court of Laramie county is affirmed.

CONAWAY and MERRELL, JJ., concur.