THE STATE, MARY JANE WOOLEY, PROSECUTRIX, v.
JOHN LANE.

The affidavit, which gives the justice jurisdiction in summary proceedings
under the Landlord and Tenant act, must contain a statement of the
facts which, under the statute, authorize the removal—statements of
the affiant's conclusions from undisclosed facts are not sufficient.

On *certiorari.*

Argued at February Term, 1889, before Justices MAGIE
and GARRISON.

For the plaintiff, *J. F. Hawkins.*

For the defendant, *W. J. Chamberlain.*

The opinion of the court was delivered by

GARRISON, J.    This writ of *certiorari* removes into this
court the summary proceedings brought by the defendant to
dispossess the prosecutor of the premises described in the pro-
ceedings.

The affidavit, upon which the jurisdiction of the justice rests,
states that Mary Jane Wooley is in possession of said prem-
ises, and that she has had and occupied them from November
11th, 1864, " as the tenant at will of deponent [the defendant
in *certiorari*], without any special agreement between them for
the termination of said possession." The affidavit, it will be
noticed, fails to disclose any facts; it states neither the terms
of the agreement, if there was any, nor the circumstances
under which the possession began. The omission to state these
jurisdictional facts is always held to be fatal.

In *Fowler* v. *Roe*, 1 *Dutcher* 549, the court, in a similar
case, said : " The affidavit is insufficient. It does not contain
the facts. She [the plaintiff] swears that he [the defendant]
is her tenant of a lot heretofore leased to him, but this is only
her conclusions from facts which she has not disclosed."

The propriety of this decision has never been judicially questioned. It has, on the contrary, been uniformly approved and followed. *Schuyler* v. *Trefren,* 2 *Dutcher* 213; *Shepherd* v. *Sliker,* 2 *Vroom* 432; *Brohn* v. *Jersey City Forge Co.,* 9 *Id.* 74; *McQuade* v. *Emmons, Id.* 397; *Layton* v. *Dennis,* 14 *Id.* 380.

There having been no jurisdiction below, the proceedings must be dismissed.