A. E. BARNES, RESPONDENT, *v.* M. D. COX, APPELLANT.[1]

1. UNLAWFUL DETAINER.— SUFFICIENCY OF COMPLAINT.— PLEADING.— A complaint in unlawful detainer for possession of unsurveyed government land must allege title in the plaintiff, and that plaintiff was entitled to the possession at the time the defendant entered, and when demand was made upon him, for the possession, and that defendant unlawfully withheld the premises, and that service of demand for possession had been made upon him, and the omission of these material allegations rendered the complaint fatally defective.

2. ID.—ALLEGATIONS AND PROOF.—NOTICE.—Where a party brings an action for the possession of property which he claims is being unlawfully detained from him, he must allege and prove not only that he has the right of and is entitled to its possession, but also that such property is being unlawfully detained from him after notice to quit is served, as provided by law.

(No. 590.   Decided Aug. 31, 1895.   41 P. R. 557.)

APPEAL from the District Court of the Fourth Judicial Dtstrict. Hon. H. W. Smith, *Judge.*

Action by A. E. Barnes against M. D. Cox for the possession of certain lands and for damages for unlawful detainer. From a judgment for plaintiff, defendant appeals. *Reversed.*

Mr. *A. G. Horn,* and Messrs. *Evans & Rogers,* for appellant.

Messrs. *Maginnis & Weber,* for respondent.

The complaint need not allege that plaintiff is entitled

[1] Petition for a rehearing denied Nov. 6, 1895.

to the possession of the premises, although such an allegation can be gathered from the complaint. The premises are unsurveyed government land, possession of which gives plaintiff the right of possession. *Hall & Paulson Furn. Co.* v. *Wilbur,* 30 Pac. 665; *C. & St. L. R. R. Co.* v. *Wiggins Ferry Co.,* 82 Ill. 230. There is no necessity of alleging that the tenant holds over wrongfully or unlawfully. *Uridias* v. *Morrell,* 25 Cal. 31. The complaint need not aver service of notice to quit. *Chung Tow* v. *Hoh Chong* (Ore.), 4 Pac. 326. A written notice—a demand in writing—is alleged in the complaint, and not denied in the answer. If the notice was not properly served, that fact might have been set up as a defense. It is now too late to make that objection. *Castro* v. *Gill,* 5 Cal. 40. As to the occupation of public land by a tenant—see *Hindman* v. *Stowe* (Utah), 33 Pac. 227; *Brown* v. *Killabren* (Nev.), 33 Pac. 865; *Petersen* v. *Kinkead* (Cal.), 28 Pac. 568. The allegation that the land is known as " Daw Newman's Ranch " is alone a sufficient description. It is a well established rule that a description by a certain name is as good as one by metes and bounds if it can be rendered sufficiently certain. *Castro* v. *Gill, supra; Stanley* v. *Green,* 12 Cal. 166; *People* v. *Leet,* 23 Cal. 163; *Hildreth* v. *White,* 6 Pac. 454; *Easton* v. *Thatcher,* 25 Pac. 728. Even if the description were insufficient, the objection cannot avail after trial. *Farr* v. *Farr,* 21 Ark. 573; *Seligman* v. *Armando,* 29 Pac. 710. The verdict cured any defect there may have been in the complaint. The omissions complained of by appellant could not have affected any of his substantial rights, and his objections, made now for the first time, should be disregarded. *Harkness* v. *McClain* (Utah), 29 Pac. 964; *San Diego County* v. *Safert* (Cal.), 32 Pac. 644; *Leary* v. *Pattison,* 66 Ill. 263; *Jarvis* v. *Hamilton,* 16 Wis. 578; *L. S. & M. S. Ry. Co.* v. *Hession,* 37 N. E. 905.

BARTCH, J.:

The plaintiff brought this action to recover possession of certain unsurveyed lands of the United States, and for damages for the rents and profits of said premises. The case was tried, and a verdict and judgment rendered in his favor. This appeal is taken from the judgment roll, and the sole question necessary to be considered is whether the complaint states facts sufficient to constitute a cause of action. It is therein alleged that on the 19th day of March, 1890, the plaintiff was, and for a long time prior thereto had been, in the quiet and peaceable possession of the premises in controversy; that the premises were unsurveyed lands of the United States, and marked on the map as an island, and known as "Daw Newman Ranch;" that on the 19th day of May, 1891, the defendant, with permission and consent of plaintiff, went into possession of the premises, as his agent and tenant, under contract, whereby the defendant was to perform certain labor on the premises, and was to occupy the same while in the performance thereof, or for such length of time as plaintiff might permit; that on the 19th day of March, 1894, the plaintiff made demand, in writing, of the defendant, for the possession of the premises; that more than five days had elapsed since the making of such demand; and that the defendant had refused for more than that space of time to quit possession. Such are, substantially, the material allegations in the complaint. It will be observed that there is no allegation of title in the plaintiff. In fact, the contrary appears, for the premises consist of unsurveyed government land. Nor is there any allegation that the plaintiff had any right of possession, either when the defendant entered into possession, or when demand was made of him for the possession. Neither is there an allegation

4

showing that the defendant unlawfully withheld the premises, or that service of demand for possession of the premises was ever made upon him. The omission of these material allegations renders the complaint fatally defective, and therefore the position of counsel for the appellant, that the complaint does not state facts sufficient to constitute a cause of action, must be sustained. Where a party brings an action for the possession of property which, he claims, is being unlawfully detained from him, he must allege and prove, not only that he has the right of, and is entitled to, its possession, but also that such property is being unlawfully detained from him, after notice to quit is served as provided by law. It is incumbent upon him to allege all the material facts on which he seeks to recover; and that his right of possession, the unlawful detainer, and the service of written demand, are material facts to establish his right to recover, is apparent. Comp. Laws 1888, §§ 3789, 3793; *Bush* v. *Dunham,* 4 Mich. 339; *Morse* v. *Boyde* (Mont.), 28 Pac. 260; *Lowman* v. *West,* 8 Wash. 355, 36 Pac. 258; *Spurck* v. *Forsyth;* 40 Ill. 438; *Bryan* v. *Smith,* 10 Mich. 229. Especially is this true where the controversy is in relation to government land, because, in such case, neither party having an indefeasible title in the land, the complainant should allege the facts upon which he relies to show his right to the possession of the property. Failing in this, the plaintiff cannot prevail. The judgment is reversed and the cause remanded, with directions to the court below to permit the parties to amend their pleadings, should they, or either of them, so desire.

Merritt, C. J., and King, J. concur.