HATTIE EVELETH, Appellant, *vs.* LOUIS GILL.

Piscataquis.    Opinion February 11, 1903.

*Forcible Entry and Detainer.    Pleading.    Forfeiture.    Nuisance.    R. S., c. 17, §§*
*1, 3; c. 94.    R. S., 1841, c. 128, §§ 2, 5.*

1.  In a case reported to the law court on the pleadings and the evidence, judgment cannot be rendered for the plaintiff unless the declaration contains allegations showing a cause of action and the evidence amounts to proof of the particular cause of action alleged.   .

2.  R. S., (1883) c. 17, § 3, authorizing the owner of a building or tenement to maintain the summary process of forcible entry and detainer to eject a lawful tenant or occupant because of his using the premises for any purposes denominated a common nuisance in section 1 of the same chapter, is a statute penal in its nature and requires strictness of allegation and proof in the use of such summary process.

3.  A mere general statement in the declaration in a forcible entry and detainer process, that the defendant had lawful entry into the lands and tenements of the plaintiff and that his "estate in the premises was determined" on a given date, is not a sufficient statement of a case under the statute above cited.

4.  Even if the evidence adduced under such a defective declaration amounts to proof of a case under the statute, it cannot be given effect for want of necessary allegations in the declaration.

On report.    Plaintiff nonsuit.

Forcible entry and detainer begun in the Dover Municipal Court to recover possession of the St. Germain House in Greenville.    The defendant pleaded the general issue and by way of brief statement that he held a lease of the land upon which the rent had been fully paid, and was owner of the building; and, second, that Rebecca W. Crafts was owner of two-thirds of the real estate, and that he was occupying under her.    Judgment having been given for the defendant, the plaintiff appealed to this court sitting at nisi prius.    The case with the pleadings and evidence was reported to this court. The facts are stated in the opinion.

*C. W. Hayes and W. H. Powell,* for plaintiff.

*Henry Hudson,* for defendant.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

EMERY, J. The case is this: John H. Eveleth in his lifetime executed to the defendant Gill a written agreement to sell and convey to him a building in Greenville for $1628, to be paid in monthly instalments with interest, and also to lease to him the land upon which the building stood for fifteen years at a rental of ten dollars per year. Also, by the terms of the agreement, Mr. Gill was to have possession of the premises until he failed to perform the conditions of the agreement. Mr. Gill immediately entered into possession of the premises under this agreement, which was dated May 1, 1895, and had made all the payments called for by the agreement up to the beginning of this litigation.

John H. Eveleth died Nov. 7, 1899, and the plaintiff· Hattie Eveleth became the owner of one-third of his interest or title in said building and land. February 21, 1900, the plaintiff began this process of forcible entry and detainer against Gill in the Dover Municipal Court to remove him from the premises. Judgment was rendered for the defendant in that court, and the plaintiff appealed and the whole case with the pleadings and evidence is reported to the law court for determination.

The plaintiff's declaration is as follows: "In a plea of forcible entry and detainer, for that the said Louis Gill, at said Greenville, on the fifteenth day of February A. D. 1900, having before that time had lawful and peaceable entry into the lands and tenements of the said Hattie Eveleth, situated in said Greenville, to wit: a certain building situated on the south side of West Street in said Greenville, and known as the St. Germain House, and the land on which said building stands, and whose estate in the premises was determined on the fifteenth day of February A. D. 1900, then and still does forcibly and unlawfully refuse to quit the same."

The plaintiff thus acknowledges that the defendant was originally in lawful possession under a lawful estate, but alleges that his estate was terminated on Feby. 15, 1900. To prove such estate and termination thereof, the only evidence adduced by her was that on the

day named the defendant was using the building or tenement or some part thereof for one of the purposes forbidden by section 1, of c. 17, R. S., (the Nuisance Act). The plaintiff contends that upon such evidence she is authorized to make immediate entry without process, or to avail herself of the process of forcible entry and detainer provided by R. S., c. 94, and cites section 3, of c. 17, R. S., as follows:

"If any tenant or occupant, under any lawful title, of any building or tenement not owned by him, uses it or any part thereof for any purpose named in section one, he forfeits his right thereto, and the owner thereof may make immediate entry without process of law, or may avail himself of the remedy provided in chapter ninety-four."

Granting her contention as to her rights under section 3, c. 17, we think it clear that in resorting to the legal process authorized only by the statute, she must state, as well as prove, a case within the terms of the statute, and this she has not done.

The summary process of forcible entry and detainer at common law was a criminal, or quasi criminal, process and was only allowed where the entry and detainer were with force, the strong hand. The legislature of this state has devised a process of the same name, but now purely civil in form and nature, for the cases specified in the statute. It follows under the general law of pleading that the plaintiff in such a process should allege in his declaration the facts declared by the statute to be an occasion where the process may be used. Thus it was said by this court in *Treat* v. *Bent*, 51 Maine, 478, "This process of forcible entry and detainer is one created and regulated by the statutes, and in order to be maintained, must come clearly within their provisions." In that case the process was quashed because it did not "disclose enough upon its face to give the court jurisdiction." In *Woodman* v. *Ranger*, 30 Maine, 180, the second section of R. S., (1841) ch. 128 authorized the process for a forcible entry, or forcible detention: the fifth section authorized the process for a landlord whose tenant unlawfully refused to quit after his tenancy had been terminated by a thirty days' notice in writing.

The plaintiff apparently alleged a case under the second section, but was unable to prove that case. He then offered to prove a case under the fifth section, but was nevertheless nonsuited because he had not alleged a case under that section.

In the case at bar it is clear that the plaintiff has not alleged a case under § 3, of c. 17, R. S., which is the only case she has adduced any evidence of. There is in her declaration, no allegation that the defendant is a "tenant," or "occupant," no allegation of what particular purpose named in section one he had used the building for, and indeed no allegation that he had used it for any of those purposes. There is no allegation to apprise the court or the defendant that evidence will be offered of a case under that statute. The statute is highly penal. It works a forfeiture of possibly valuable rights purchased by large expenditure. There should, therefore, be full particularity and certainty of allegation in all legal proceedings to enforce it. The statutory case should be fully and clearly stated. Want of allegations necessary to show a case within the terms of the statute is as fatal as want of evidence of such a case.

True, the language of the statute is "may avail himself of the remedy provided in chapter ninety-four", but the language quoted only designates the process. It does not prescribe the allegations to sustain it. It does not imply that the process provided in chap. 94, may be framed to describe the cases heretofore named in that chapter, and yet be sustained upon evidence of an entirely new and different case not named in that chapter. On the contrary, the effect of the language is to make section 3, c. 17, an addition to chap. 94. By the new section thus added, the process is authorized upon another state of facts different from all those before specified. As stated in *Woodman* v. *Ranger*, supra, there must be allegations of these facts to authorize evidence of them and a judgment thereon, and this even though the case is reported to the law court on the evidence. *Loggie* v. *Chandler*, 95 Maine 220, 229.

It should be observed that the variance is not a mere technical one which would ordinarily be waived by reporting a case to the law court. *Pillsbury* v. *Brown*, 82 Maine, 450, 9 L. R. A. 94. The variance here is wide and substantial. The declaration, if of any case

at all, is of a case under one statute; the proof is of a different case under a different statute.

For want of necessary allegations to which the evidence can be applied, the entry must be,

*Plaintiff nonsuit.*