## WALTON v. SPINNER.

JUSTICE COURTS—APPEALS—AMENDMENT OF RETURN AND TRAN-
SCRIPT—ISSUES ON APPEAL—DISMISSAL FOR FAILURE OF RETURN TO
SHOW THE ISSUES IN THE CAUSE—PLEADING.

1. To entitle a party to a rule upon a justice of the peace to
   amend his return and transcript in a cause appealed from
   his court to the District Court, a mere motion to that
   effect is insufficient, but a satisfactory showing should be
   made that the return or transcript is substantially errone-
   ous or defective.

2. An appeal from a justice of the peace to the District Court
   is properly dismissed where the return and transcript of the
   justice fails to show any pleading either oral or written,
   or what, if any, issue was tried before him; the statute
   providing that cases appealed from justice courts shall be
   tried *de novo* upon the issues and pleadings as filed in the
   court appealed from.

### ON REHEARING.

1. A writ of replevin is not a pleading, and therefore a state-
   ment in the justice's transcript that plaintiff caused a writ
   of replevin to issue against the defendant does not have the
   effect of showing a pleading in the cause.

[Decided February 2, 1907.]                (88 Pac., 650.)
[Rehearing denied April 15, 1907.]         (89 Pac., 575.)

ERROR to the District Court, Uinta County, HON. DAVID
H. CRAIG, Judge.

Clarence Walton sued Karl Spinner in justice court, and
judgment was rendered for the defendant. The plaintiff
appealed to the District Court, where the appeal was dis-
missed for the failure of the return and transcript to show
what pleadings, if any, were made or filed, or what, if any,
issue was tried in the justice court. A motion for a rule
upon the justice to amend his return and transcript was
denied. The plaintiff thereupon instituted proceedings in
error, complaining of said rulings.

*J. H. Ryckman,* for plaintiff in error.

The writ and summons were issued October 14, 1904, and were made returnable October 27, 1904. The writ was therefore void 'and the judgment. was consequently void. (R. S. 1899, Sec. 4334.) The jurisdiction of justices is purely statutory and limited and there is no presumption in favor of jurisdiction where the record does not disclose it. It is not extended by implication, and jurisdiction of the subject matter cannot be conferred by consent. (16 Ency. L., 17; 17 id., 1060.) A void judgment is appealable and reversible on that ground. (Trustees v. Williams, 100 Wis., 223.)

If, as contended by counsel for defendant, the transcript fails to show that there was an issue made to be tried in the justice court which the plaintiff denies, then the utmost effect of such failure is to show that the judgment is void, and whether the judgment is void for that reason or because the summons was returnable more than twelve days after its issue, or for any other reason, an appeal lies to reverse such judgment and cannot be dismissed. (Kidder v. Fay, 60 Wis., 218; Sec. 4401, R. S.)

Did the failure of the justice to enter the defendant's plea on his docket entitle him to have the plaintiff's appeal dismissed? The entry of the defendant's plea—and there must have been a plea—for an issue was submitted to a jury, was purely a ministerial act to be performed by the justice and if he omitted to perform it, that fact is no ground for the dismissal of the appeal. (Goodrich v. Peterson, 12 Wyo., 214; 12 Ency. Pl. & Pr., 806.)

Section 4341, providing that the substance of the pleadings when oral must be entered on the docket, is merely directory. (12 Pl. & Pr., 752.) A justice cannot deprive a party of his right to appeal by failure to act, either through negligence or design, and neither can the appellate court, but the justice will be required by rule and attachment to allow an appeal and to amend his return if erroneous or

defective.   (Secs. 4410, 4411, R. S.)   And for such reasons
the appeal should not be dismissed, but an amendment to
the return should be awarded although a motion to dismiss
is made before the motion for the rule on the justice.   (12
Pl. & Pr., 793, 794.)

In the case at bar the court finds the return or transcript
of the justice to be neither erroneous nor defective, but also
finds that it shows no issue was made although a trial was
had by a jury, a verdict returned and judgment entered
thereon.   Such conflicting findings cannot stand.

*T. S. Taliaferro, Jr.,* and *W. B. Dunton,* for defendant
in error.

The right of appeal from justice court does not exist at
common law, but such an appeal is purely a statutory pro-
ceeding.   (Const. Wyo., Art. V, Sec. 23; Clendenning v.
Guise, 8 Wyo., 91.)   On such appeals the trial is *de novo.*
(R. S. 1899, Sec. 4401.)   And upon the pleadings in the
justice court.   (Id.)   The justice's return may be amended
by rule on the justice if the court is satisfied that it is
erroneous or defective.   (Sec. 4411.)

If it be a fact, which is more than probable, that no plea
either oral or in writing, as required by Section 4341, R.
S., was made by the plaintiff in the justice's court, there was
no issue, and there would have been nothing to try *de novo*
in the District Court.   And for all that appears to the con-
trary, this may have been the very question submitted in the
justice's court.   The justice's transcript showing that there
were no pleadings or issues upon which the case could be
tried in the District Court, and no motion or showing what-
ever having been made that said transcript was in any way
erroneous or defective, the District Court was correct in sus-
taining the motion to dismiss the appeal.   (Italian Swiss
Co. v. Bartagnolli, 9 Wyo., 204.)

There is no presumption in law that the certified transcript
returned by the justice is not an exact copy or a true and
correct copy of all the docket entries as the same appear.
The plaintiff had ample time, if he were suspicious that the

return of the justice was defective or erroneous, to have inspected the matter, and if his suspicions proved to be true, to have had the justice amend his return. Or in case of the justice's refusal so to do, by showing to the District Court the facts by affidavit or otherwise, to have satisfied the court of the error in the return, and to have obtained a rule upon the justice. Instead of so doing, plaintiff in error would have had the District Court say without any showing whatsoever, that the justice's certificate was not true, and that the docket itself, if brought into court, would disclose something different from the transcript. There has been nothing said or done in this case to satisfy anyone that the return is either erroneous or defective. For all we may know the return is an exact copy of the docket entry, and the latter may show substantially all the facts as they actually transpired. The motion for a rule was by the District Court, therefore, properly denied.

*J. H. Ryckman,* for plaintiff in error on petition for rehearing.

The appellant having performed every duty imposed on him cannot be held responsible for an omission of the justice. (Goodrich v. Peterson, 12 Wyo., 214; Petty v. Miller, 5 Tex. Cr., 208; Robison v. Medlock, 50 Ga., 599; Pearce v. Renfrow, 68 Ga., 194; Larcher v. Scott, 2 Ala., 40; Fisher v. Harber, 10 Ia., 293; 12 Pl. & Pr., 786.)

The writ of replevin shown by the transcript to have been issued was the plaintiff's pleading. If an answer or other pleading by defendant is not shown it is not plaintiff's fault. The transcript shows a jury trial, hence it is to be conclusively presumed that an issue was made up and tried, as it is always presumed that judicial proceedings are proper and regular until the contrary appears. (22 Ency. L., 1266.) On trial *de novo* errors and technical defects are to be disregarded, and they cannot deprive a party of a constitutional right. (12 Pl. & Pr., 814.) This case is distinguishable from Italian Swiss Co. v. Bartagnolli, 9 Wyo., 204, where it appeared that there had been no issues.

SCOTT, JUSTICE.

This is an action in replevin and was originally commenced in a justice court in Uinta County by the plaintiff in error against the defendant in error. From a judgment in favor of defendant the plaintiff appealed to the District Court and the case was placed upon the trial docket for the September, 1905, term of that court. The defendant moved to dismiss the appeal on the ground that the transcript and copy of the justice's docket does not show that any issue was raised in the justice court. At the same time the plaintiff made a motion for a rule upon the justice of the peace to complete his transcript. Upon the hearing, the latter motion was denied and the former motion was granted and the appeal was dismissed. Plaintiff assigns as error the refusal to grant the rule upon the justice to complete the transcript and also the order dismissing the appeal.

1. Section 4399, R. S., relating to and prescribing the method of appeals from the judgment of a justice of the peace to the District Court, provides that the "justice shall make a certified copy of or transcript of all his docket entries and of·the bill of costs, and shall  *  *  *  transmit the same to the clerk of the District Court to which the appeal is taken." Section 4411, R. S., says, "Whenever the court is satisfied that the return of the justice is substantially erroneous or defective the court may by rule and attachment compel him to amend the same." The plaintiff's motion is under the last section and omitting the caption so much as is material is as follows: "The defendant in this cause having this day,  *  *  *  filed his motion to dismiss the plaintiff's appeal on the ground that the transcript and files of the case do not show the issue tried in the court below and do not show any issue to be tried in this court, now comes the plaintiff and without conceding or admitting that the reasons and grounds for said motion are true, moves the court for a rule upon the justice who tried said cause or his successor in office to appear in said court on the first day of April, 1906, term, to-wit, the 2d day of April, 1906, with his docket of said cause and to amend his return and

transcript in said cause in accordance with the facts or
show cause why the same should not be amended as pro-
vided by Section 4411 of the Revised Statutes."

The motion was not supported by affidavits, nor was any
showing made or attempted to be made to show what the
facts were to which the amendment if made should conform.
The District Court had the transcript before it, which was
duly certified by the justice to be a correct copy of the
docket entries, and there is nothing on the face of the
transcript showing that the certificate is incorrect or that the
record is incomplete or erroneous. There is no mention of
any pleadings either oral or in writing, nor were any plead-
ings returned with the transcript. If there were pleadings
in writing they should have been filed and returned with
the papers in the case, and if oral, the substance should
have been entered by the justice in his docket. (Sec. 4341,
R. S. 1899.) Whether the issues were made up in either
of these ways does not appear either by the transcript or
among the papers returned or by any evidence offered by
the plaintiff. Plaintiff in his motion does not concede or
admit the grounds and reasons of the motion to dismiss the
appeal to be true, but he offered no evidence, and made no
showing or denied that they were true. If the order issued,
the plaintiff by the language of his motion showed that he
was uncertain of results, and the use of the court's powers
was invoked to ascertain facts which the moving party was
uncertain of and which it was his duty to have known and
to make appear to the court by affidavit or other evidence
before he was entitled to its aid. He should have been able
to say and make it appear to the court that there was in fact
an issue made by the pleadings in one of the two ways pro-
vided by statute before he was in a position to ask that the
rule issue. The trial court was not satisfied that the return
of the justice was substantially erroneous or defective, which
was a pre-requisite to granting the motion, and upon the
record we are unable to understand how it could have been
so satisfied or how its ruling could have been different.

The order dismissing the appeal for the reason that there was no issue before the court for trial was authorized by the statutes regulating and prescribing the method of appeal from the judgments of justice courts, the constitutionality of which has been passed upon and upheld by this court. (Clendenning v. Guise, 8 Wyo., 91.)

Section 4401, R. S., provides, "That cases appealed from justice courts shall be tried *de novo*, and the trial shall be had upon the issues and pleadings as filed in the court appealed from." The transcript and files returned by the justice failed to show any pleading either oral or written or what, if any, issue was tried before him. There was therefore no issue brought into the District Court by the appeal upon which trial *de novo* could be had. This statute was construed by this court in Italian Swiss Agricultural Colony v. Bartagnolli et al., 9 Wyo., 204, where it was said: "We are of the opinion that as no issue was presented in the justice court by defendants in error, the District Caurt had no issue to hear and determine." That was a case where the defendant neither appeared nor answered. Upon the facts it is somewhat different from the present case, where the defendant appeared and the plaintiff who is here complaining tendered no issue nor plead in any manner so that defendant could answer and thus raise an issue. In principle, however, it is the same. The justice's transcript and return failed to show any pleadings oral or written, and for that reason on the appeal there was no issue for trial. The court properly dismissed the appeal. The judgment will be affirmed.          *Affirmed.*

POTTER, C. J., and BEARD, J., concur.

### ON PETITION FOR REHEARING.

BEARD, JUSTICE.

This case was decided February 2, 1907, the opinion appearing in 88 Pac., 650. Plaintiff in error has filed a petition for rehearing in which it is now claimed that the

transscript of the justice shows a pleading by the plaintiff, "because the transcript shows that the plaintiff in error caused a writ of replevin to issue from the justice court against the defendant." And it is contended that "this writ was his plea or petition or complaint." This is a departure from the position taken at the hearing; and we cannot agree with counsel that the writ is a pleading and can take the place of the pleadings required by the statute. The plaintiff must plead, and his first pleading, whether oral or in writing, consists of a statement of the facts constituting his cause of action; while the writ is the command of the court to the officer to whom it is directed. It is not the writ that the defendant is called upon to answer; but it is the cause of action as stated by the plaintiff in his pleading. As stated in the opinion, the transcript failed to show any pleading by the plaintiff, hence there was nothing upon which the defendant could raise an issue either of fact or law. The motion for a rule on the justice did not state, nor was there any evidence offered to show, that the transcript was erroneous or that the plaintiff in fact plead before the justice. We see no reason to change our opinion and a rehearing is denied.                    *Rehearing denied.*

POTTER, C. J., and SCOTT, J., concur.