## LEPPER v. CONRADT.

MORTGAGES—CONSIDERATION.

1. Though part of the consideration of a mortgage may be illegal, suit for foreclosure may be maintained upon it to the extent that the legal part of the consideration can be separated from the remainder and ascertained with certainty.

2. The consideration of a mortgage sought to be foreclosed by suit was claimed by defendant, the mortgagor, to be illegal on the ground that it arose out of illegal dealings in mining stocks on margin. It appeared that part of the consideration was the amount due on a former valid mortgage given by the defendant to plaintiff's assignor, which was separable from the remaining consideration. *Held* that a judgment for a sum not greater than the amount of the original valid mortgage with interest was proper, notwithstanding that the remaining part of the consideration of the mortgage in suit may have been tainted with illegality.

[Decided April 15, 1907.]    (89 Pac., 575.)

. ERROR to the District Court, Albany County, HON. DAVID
H. CRAIG, Judge.

The facts are stated in the opinion.

*W. H. Fishback,* for plaintiff in error.

The mortgage was given upon an illegal consideration,
and is to be governed by the laws and decisions of Cali-
fornia, where it was made.   (Cashman v. Root, 89 Cal.,
373; Witmore v. Barratt, 103 Cal., 325; Speedy v. Shinn,
103 Cal., 430; Reed v. Cooper, 119 Cal., 463; Hullman v.
Simmons, 104 Cal., 595; Parker v. Otis, 130 Cal., 322 (187
U. S., 596); Const. Cal., Art. 4, Sec. 26.)   The mortgage
was fraudulent in law and is void.

*S. C. Downey,* for defendant in error.

The evidence does not bring this case within the Cal-
ifornia decisions.   The defendant failed to establish his
claim that the consideration was illegal because based upon
illegal mining stock transactions.   The Weigleb mortgage
was clearly valid, having been given for borrowed money,
and nothing else, according to the defendant's own testi-
mony.

The law of the place where the property is situated gov-
erns.   (22 Ency. L., 1327; Story on Conf. L., Sec. 609;
2 Parsons Cont., Sec. 572; Swank v. Hufnagle, 12 N. E.,
303; Goodard v. Sawyer, 9 Allen, 78; Doyle v. McGuire,
36 Ia., 410; Hossford v. Nichols, 1 Paige, 220; Baum v.
Birchall, 100 Penn. St., 164; Fessenden v. Taft, 65 N. H.,
39; Chapman v. Robertson, 6 Paige, 627; Trust Co. v.
Rathbone, 5 Sawy., 32; Curtis v. Hutton, 57 Miss., 451;
U. S. v. Crosby, 7 Cranch, 115; Manton v. Seibarling, 107
Ia., 534; Jones on Mortgages, Vol. 1, Secs. 656 to 663;
Wiltse on Mort., Sec. 345; Giffin v. Giffin, 18 N. J. Eq., 104;
Thomas et al. v. Kyle, 23 So., 12; Gault v. Trust Co., 38
S. W., 1065.)   The mortgage in question, even if part of a
transaction involving dealings in stocks, was valid under

the laws of this state. (Rev. Stat., Sec. 2187; Kinney v. Edwards, 55 Pac., 306; Shaw v. Clark, 49 Mich., 384.) An admission in a pleading is conclusive upon the party and must be taken as true for all the purposes of the cause, whether the facts relate to the parties or to third persons. (11 Ency. L., 447; R. Co. v. Morton, 61 Fed., 814; Elec. Co. v. Finck, 47 Fed., 583; Wade v. R. Co., 149 U. S., 327; Jeffreys v. Jeffreys, 139 Ill., 368; Hewitt v. Morgan, 88 Ia., 468; Fund v. Boesse, 92 Ky., 290; Bean v. Schmidt, 43 Minn., 505; Transp. Co. v. Sims, 36 Mo. App., 229; Foley v. Holtry, 41 Neb., 563; Sinis v. Davidson, 54 N. Y. Sup. Ct., 235; Robertson v. Sayer, 139 N. Y., 97.)

One who advances money to pay off an incumbrance on realty at the instance of either the owner of the property or the holder of the incumbrance, on the express understanding or under circumstances from which an understanding would be implied that the advance made is to be secured by a first lien on the property, is not a mere volunteer; and in the event the new security is for any reason not a first lien on the property, the holder of such security, if not chargeable with culpable and inexcusable neglect, will be subrogated to the rights of the prior incumbrances, under the security held by him, unless the superior or equal equities of others would be prejudiced thereby, and to this end equity will set aside a cancellation of such security and revive the same for his benefit. (27 Ency. L. (2d Ed.), 247, 248.)

BEARD, JUSTICE.

This case was before this court at a former term. (See Conradt v. Lepper, 13 Wyo., 473). On that appeal the judgment of the District Court, which was in favor of Lepper, the defendant below, was reversed and the case remanded for a new trial. The case was retried, resulting in a judgment in favor of Conradt and against Lepper for $3,749.84 and costs and a decree foreclosing the mortgage. From that judgment and decree Lepper brings the case here on error.

The case was retried upon the same evidence, with the exception that Lepper testified orally in his own behalf in addition to the former testimony. This testimony in no wise changes the situation from what it was upon the former trial except it definitely states the amount of the Weigleb mortgage to have been $1,600. He again states that the mortgage was given for borrowed money and was merged in and became part of the consideration for the subsequent mortgages. The facts are so fully stated in the former opinion that we will not repeat them here. It was there held that so much of the consideration of the mortgage in suit as was represented by the Weigleb mortgage was valid, and as it could be separated from that part of the consideration which was illegal and could be ascertained with certainty, that the mortgage in suit was valid to that extent. It is not claimed that the judgment is for a greater sum than the Weigleb loan and interest, and the judgment is in accord with the former decision, to which we adhere. Counsel who represents the plaintiff in error on this appeal has presented no new or different propositions from those presented and fully argued by counsel who represented him on the former appeal; the only points argued in his brief being the question as to validity of the mortgage, and the insufficiency of the evidence to sustain the finding and judgment. The first was determined and settled by the former decision, and the second point is without merit, as in our opinion the evidence fully sustains the finding and judgment of the District Court. We find no error in the record and the judgment of the District Court is, therefore, affirmed.    *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.