## BARNETT v. DARRAH.

COURTS—JUSTICES OF THE PEACE—PLEADINGS—APPEALS—FAILURE OF TRANSCRIPT TO SHOW PLEADINGS AND ISSUES—AMENDMENT OF TRANSCRIPT—DISMISSAL.

1. Where, on appeal from a justice of the peace, a petition bearing the title of the case was among the papers, but not attached to the transcript, or marked filed by the justice, or referred to in the transcript of the justice's docket, or in any manner identified or certified by the justice as a paper in the case, and the transcript of the docket did not otherwise show a pleading by the plaintiff. *Held,* that a motion by appellee in the district court to dismiss the appeal for the failure of the transcript to show any issue to be tried should have been sustained, the statute requiring the cause on appeal to be tried *de novo* upon the pleadings and issues made in the court appealed from.

2. Whenever, in a cause appealed from a justice of the peace, the district court is satisfied that the jutsice's return and

transcript is substantially erroneous or defective, it may not only allow, but may compel the justice to amend his record so that it shall speak the truth, and to so certify it to the district court, but the district court cannot itself make the amendment by inserting a material statement in the justice's transcript.

[Decided April 5, 1909.]

ERROR to the District Court, Big Horn County; HON. CARROLL H. PARMELEE, Judge.

Action brought by H. W. Darrah against Fred C. Barnett in a justice's court, and appealed by the plaintiff to the district court, where judgment was rendered in plaintiff's favor, a motion to dismiss the appeal having been denied. The defendant prosecuted error. The facts are stated in the opinion.

*W. L. Walls* and *E. E. Enterline,* for plaintiff in error.

The transcript of the justice failing to show any pleading by the plaintiff, and no application having been made for an order upon the justice to amend his record and transcript, the motion of the appellee, the plaintiff in error here, to dismiss should have been sustained. Even as amended by the district court the transcript fails to show any issue because of the absence of any showing by the transcript of any pleading by the plaintiff in the justice court. (Rev. Stat. 1899, Secs. 4341, 4330, 4399, 4401, 4411; Agr. Colony v. Bartagnolle, 9 Wyo. 204; Walton v. Spinner, 15 Wyo. 297.) There was no authority in the district court to make issues in the cause without pleadings or by its own order to amend the justice's transcript. The statutory provision requiring the justice to enter upon his docket the nature of the plaintiff's demand is mandatory. (Jones v. Hunt, (Wis.) 63 N. W. 81.) The evidence does not sustain the findings and judgment.

*Ridgely & West,* for defendant in error.

The justice's transcript shows that the nature of the action is for the recovery of money only and also shows a charge

made for the filing of the complaint; and this charge must have had reference to the petition. The case is, therefore, brought directly under Section 4341, Revised Statutes 1899, so far as the plaintiff is concerned, the petition being his pleading. The transcript was silent as to defendant's plea. During the argument, however, counsel for the appellee stated what the defendant's plea had been, and although he attempted to retract it the court would not permit him to do so, but made an order amending the transcript to agree with counsel's statement. The district court may allow amendments to pleadings and process at any time prior to judgment, in its sound discretion, and the appellate court will not sustain an assignment of error which depends wholly upon the discretion of the court, in the absence of any abuse of such discretion. (Ins. Co. v. Melcher, (Ia.) 109 N. W. 805; Friedenwold Co. v. Moss, 86 N. E. 207; Ry. Co. v. Williams, (Ind.) 79 N. E. 442; Lbr. Co. v. Barnard, (Wis.) 111 N. W. 483.) The amendment to the transcript rested wholly within the discretion of the court. (Rev. Stat. 1899, Secs. 4402, 4411.) Amendments may be made by interlineation. (Turner v. Hamilton, 13 Wyo. 408; Hill v. Supervisors, 10 O. St. 621.) The facts in this case are different from the Wyoming cases cited in the brief of plaintiff in error. In the case at bar the court made a direct finding as to what the issues were in the justice court.

Where there is any testimony tending to support a finding, the finding and judgment will not be disturbed, since it is the province of the trial court to determine the weight and sufficiency of the evidence offered. (Loehr v. Light, (Cal.) 87 Pac. 112; Copeland v. Kilpatrick, (Colo.) 88 Pac. 472; Ditch Co. v. Brown, (Colo.) 88 Pac. 1060; McCready v. Crane, (Kan.) 88 Pac. 748; Am. &c. Co. v. Brew. Co., (Mass.) 80 N. E. 526; Burke v. Glass Co., 81 N. E. 85; Gray v. Callan, (Ia.) 110 N. W. 99; Board &c. v. Stone, 7 Wyo. 280.) There is no merit in the contention that the findings are not supported by the evidence.

BEARD, JUSTICE.

This action was brought by the defendant in error, Darrah, against the plaintiff in error, Barnett, in justice's court. A trial was had before the justice resulting in a judgment in favor of Barnett for costs, and Darrah appealed to the district court where judgment was rendered in his favor and against Barnett. From which judgment plaintiff in error brings error.

The transcript of the justice's docket as certified to the district court, so far as it contains any reference to any pleadings by the parties, is as follows: "Be it remembered that on this 18 day of Dec., 1906, W. H. Darrah brings suit against F. C. Barnett by summons for the recovery of money only, to-wit: $173.45/100," and on the day of the trial the following: "Now on this day appeared both of the parties to the action. The defendant makes oral." The statute governing pleadings in justice's court provides, that such pleadings may be either oral or in writing at the election of the parties; if oral, the substance of them must be entered by the justice in his docket; if in writing, they must be filed in his office, and reference to them made in his docket. (R. S. 1899, Sec. 4341.) Prior to 1895, new pleadings were allowed to be filed in the district court on appeals from justice's court; but by Sec. 5, Ch. 57, S. L. 1895—Sec. 4401, R. S. 1899—it was provided that "The case shall be tried *de novo* and the trial shall be had upon the pleadings and issues filed and made in the court appealed from."

In the case at bar we find among the papers a petition bearing the title of this case; but it is not referred to in the transcript of the justice's docket, is not marked filed by the justice, is not attached to the transcript, or in any manner identified or certified by the justice as a paper in the case. That being the condition, as presented by the record, there was no pleading on the part of the plaintiff upon which the defendant could raise an issue either of law or fact. The plaintiff in error moved the district court to dis-

miss the appeal for the reason that the transcript and return of the justice presented no issue to be tried. The motion was denied, and that ruling is assigned as error. We think the motion should have been sustained. The case of Walton v. Spinner, 15 Wyo. 297, is decisive of that question. It is contended, however, that this case differs from the Walton-Spinner case because the record was by order of the district court amended by interlining in the transcript after the words "the defendant makes oral," the following words: "plea of general issue and payment"; and that as so amended an issue of fact is shown to have been presented in justice's court. On the other hand it is contended that the district court was without authority to so amend the record and that any amendment thereto must be made by the justice. The statute, Sec. 4402, R. S. 1899, provides that "The district court may, at its discretion, allow amendments to the record or to any pleading filed, in the furtherance of justice." This provision gives the district court the authority to allow an amendment to the record; but Sec. 4411 provides how such amendment shall be made, viz.: "Whenever the court is satisfied that the return of the justice is substantially erroneous or defective, the court may, by rule and attachment, compel him to amend the same." Construing these provisions together it would seem that when the district court is satisfied that the return of the justice is substantially erroneous or defective it may not only allow, but may compel him to amend his record so that it shall speak the truth, and to so certify it to the district court. If the justice has omitted anything from the docket that the law requires him to enter he may amend it according to the facts; but we can see no more reason for allowing the district court to insert a material statement in the transcript of the justice than there would be for this court to amend, in like manner, a transcript certified to it from the district court. (State v. O'Brien, 35 Mont. 482; 10 A. & E. Annotated Cases 1006.) It clearly appearing from the transcript of the justice that he had failed to enter

upon his docket the pleadings filed or made by the parties, disclosing the issues presented, he should have been required, upon proper application therefor, to amend his record according to the facts and to so certify them to the district court, where the case would stand for trial *de novo* upon the pleading and issues filed and made in justice's court. But, whether the amendment was properly made or not, the transcript as so amended failed to disclose any issue for the reason already stated, that it fails to show any pleading by the plaintiff below upon which an issue could be raised.

The judgment of the district court is reversed and the cause remanded for further proceedings according to law.

*Reversed.*

POTTER, C. J., and SCOTT, J., concur.