## WHITE v. VEITCH
(No. 976; Decided May 23, 1921; 197 Pac. 983)

FORCIBLE ENTRY AND DETAINER—SUFFICIENCY OF COMPLAINT—JURISDICTIONAL DEFECTS—WAIVER—AMENDMENT.

1. A complaint in a forcible entry and detainer proceeding merely alleging that plaintiff is lessee and entitled to possession of certain premises withheld from him by defendant without right is insufficient to give the justice jurisdiction.

2. Forcible entry and detainer and unlawful detainer are statutory remedies of a summary nature that were unknown to the common law, and unless the procedure pre-

scribed by statute is substantially complied with the proceedings will be void.

3. In forcible entry and detainer, or unlawful detainer cases the complaint must allege facts bringing the case within the statute (Comp. Stats. 1920, Sec. 6621) which provides two classes of cases, (1) where an unlawful and forcible entry is made; (2) where lawful and peaceable entry has been made, but the premises 'are subsequently unlawfully or forcibly held. The particular facts upon which plaintiff relies must therefore be alleged in order to invoke the statute and give the justice jurisdiction.

4. Where the justice court was without jurisdiction in an action of forcible entry and detainer because of a defective complaint, the point was not waived by failure to object in that court nor could the jurisdictional defect be cured by amendment after appeal to the District Court. (Jenkins v. Jeffery, 3 Wyo. 669 29 Pac. 186, distinguished.)

ERROR to the District Court, Natrona County; HON. CHAS. E. WINTER, Judge.

Forcible entry and detainer proceedings by Robert J. Veitch against Henry L. White and others, begun in the Justice Court and appealed to the District Court. Judgment was for plaintiffs and defendant brings error.

*Hagen, Stanley & Murane*, for Plaintiffs in Error.

The complaint was fatally defective in that it did not comply with the requirements of the statute. (5353 Comp. Stats. 1910.) The justice was without jurisdiction, (Lowman v. West, 36 Pac. 258 (Wash.) . The District Court acquired no jurisdiction since the complaint could not be cured by amendment there. The cause should have been dismissed. (Brown v. Grady, 16 Wyo. 151.) An amendment of a void complaint will not save the jurisdiction, (Lowman v. West, supra., Dennis v. Wood, 48 Cal. 363.) The evidence in the District Court was insufficient in any event to support the action. (Campbell v. Foster, 30 Atl. 223.) There was no authority to make a lease. (Thiel Co. v. McClure, 142 Fed. 953; Fillmore v. U. P. R. R. Co. 2 Wyo. 95; Kozel v. Dearlove, 32 N. E. 542; Clement v. Co. 67 Atl. 82.) The pretended lease is void. (3751 Comp. Stats. 1910; Marshal v.

Rugg, 6 Wyo. 283; McDowell v. Simpson, 27 Am. Dec. 338;
Minnesota Co. v. McCrossen, 85 N. W. 1019.) Estoppel must
be specially pleaded.

· *George W. Ferguson* and *Nichols & Stirrett*, for Defend-
ant in Error.

The amended petition met the requirements of the statute
of forcible entry and detainer. Defendant held a lease prop-
rly executed by an authorized agent; The judgment is amply
supported by the evidence. Failure to object to the peti-
tion in Justice Court was a waiver of defects in the com-
plaint. The cause was tried *de novo* in District Court. The
petition was amended to conform to the facts proven, (Sec.
4437 Comp. Stats. 1910. Lowman v. West), cited by plain-
tiff is not in point. In that case a demurrer was filed in
Justice Court and was overruled. There was a ratification
of the lease which amounts to a plea of estoppel. (Matzger
v. Co. 141 Pac. 900.) The evidence showed that Stewart
had authority ·to make the lease which was subsequently
ratified by plaintiff's conduct. (Hassard v. Tomkins, 84
N. E. 174; Clark v. Hyatt, 118 N. Y. 563).

Blume, J.

The defendant in error filed in justice court of Natrona
County his petition in forcible entry and detainer, alleging
(omitting the formal parts) "First: That he is the lessee
of the following described premises, and entitled to the im-
mediate, exclusive and continued possession of the same, be-
ing (describing the premises). Second: That defendants
are in possession of said premises and occupy and hold the
same from the possession of the plaintiff, without any right
to the possession thereof." Then follow allegations of the
notice given to quit the premises, and the prayer. An ans-
wer was filed and trial had, which resulted in favor of the
defendant in error. An appeal was duly taken to the dis-
trict court, where the case was tried by the court without a
jury. At the beginning of the trial the plaintiffs in error,
for the first time, moved the court to dismiss the action, and

objected to the introduction of any evidence, for the reason
that the petition fails to state facts to constitute a cause of
action; that it is apparent from the pleadings that the court
has no jurisdiction in the case, and that it is not an action
of forcible entry and detainer under the statute. The rul-
ing was reserved until the close of the case, when the above
objections were renewed but overruled, and defendant in
error was permitted, over objection, to file an amended com-
plaint. Judgment was entered for the defendant in error,
a motion for new trial, assigning, among other things, the
overruling of the above motion as error, was filed and over-
ruled, and the case is here upon a petition in error, assign-
ing, *inter alia,* as error the overruling of the motion made at
the trial.

The allegations contained in the original petition filed
in the justice court are very similar to the allegations con-
tained in the petition involved in the case of Jenkins v. Jef-
frey, 3 Wyo. 669, 29 Pac. 186. In that case the plaintiff
claimed to be the owner of the premises in controversy, but
stated nothing as to who was entitled to possession. In the
case at bar the plaintiff below alleges that he is lessee, and
entitled to the possession of the premises in controversy.
The differences are not vital and the court in the Jenkins
case held that the petition in that case was insufficient as a
a petition in forcible entry and detainer, and that the just-
ice was without jurisdiction to try the action. That case
was certified to the district court upon motion of the de-
fendants, where they appeared and filed answer, and the
case was there tried as a case involving title. Under these
circumstances this court held that the defendants could not
properly be heard to object that the district court assumed
to try the case, of which it had original jurisdiction, as an
action in ejectment, but in the case at bar no such course
was followed. Here the case came to the district court on
appeal; the plaintiffs in error did not voluntarily submit
to the trial in the district court, but objected. The case
was tried throughout as a case of forcible entry and detain-

er, and the defendant in error at the close of the testimony filed an amended petition so as to bring the case within some of the provisions of our statute providing for such actions. We cannot hold, therefore, that the district court could have tried the case at bar as an action in ejectment, as though originally brought in that court, but we might rest the decision herein upon the holding in the Jenkins case, that the original petition filed in the justice court gave the justice no jurisditcion over the subject matter. Inasmuch, however, as the court in that case did not fully discuss the question as to what facts are necessary to be alleged in order to give the justice jurisdiction, and inasmuch as the defendant in error contends that even if the original petition failed to state a cause of action, that the defect was cured when the amended petition was filed in the district court, we shall state the law applicable to this case somewhat more fully.

A civil proceeding for forcible entry and detainer or unlawful detainer was not known to the common law. The proceeding is statutory, summary in its nature, may, under our statute, work a forfeiture of possibly valuable rights within a period of a few days, and according to the universal rule, the statute conferring jurisdiction must be at least substantially complied with in the method of procedure prescribed by it, or the jurisdiction will fail to attach, and the proceeding will be *coram non judice* and void. (19 Cyc. 1147; 24 Cyc. 1436; Taylor L. & T. (9th Ed.) § 721; Tiffany L. & T., p. 1786 and cases cited below.) Sec. 6625 of the Compiled Statutes of 1920 provides that in such cases the plaintiff, before the justice may proceed with the case, must file a complaint, describing the property in controversy, "and the facts upon which he relies, in order to recover the premises, which must be sustained by proof or the action must be dismissed." This complaint is not even dispensed with in case the defendant does not appear. It is, therefore, the basis of the action, without which the justice is powerless to act. Summary as the action is, drastic as may

be its consequences, the legislature evidently deemed it wise to guard against the misapplication of this proceeding. Whatever may have been the reasons of its adoption, the statute is imperative, and the courts cannot ignore the plain provisions which a co-ordinate branch of our government has a right to make. See Clendenning v. Guise, 8 Wyo. 91, 55 Pac. 447. Statutes similar to ours, requiring the facts to be stated in such complaints, are found in Wisconsin, Texas, New Jersey, Utah and perhaps other states. Under statutes such as this, the facts must be clearly stated, so as to bring the case within the provision of the statute relied on, and if any material fact is omitted, the defect is fatal, and the justice acquires no jurisdiction of the subject matter. This is the rule even in states where no such specific statutory provision exists. (Emerson v. Emerson, (Tex. Civ. App.) 35 S. W. 425; Fowler v. Roe, 25 N. J. L 549; State v. Lane, 51 N. J. L. 504, 18 Atl. 353; Barnes v. Cox, 12 Utah, 47, 41 Pac. 557; Haskins v. Haskins, 67 Ill. 446; Eveleth v. Gill, 97 Me. 315, 54 Atl. 756; Kahakalies v. Dukais (Me.) 81 Atl. 1011; McDermott v. McIlvain,˙75 Pa. St. 341; Kiphart v. Brenneman, 25 Ind. 152; Burgett v. Bothwell, 86 Ind. 149; 19 Cyc. 1150; Caswell v. Ward, 2 Doug. (Mich.) 374; 24 Cyc. 1437; Taylor L. & T. (9th Ed.) § 721; Tiffany L. & T. p. 1786.) See also Gilledge v. White, 73 Tex. 489, 11 S. W. 527; Laffey v. Chapman, 9 Colo. 304; 12 Pac. 152; Lasater v. Font (Tex. Civ. App.) 43 S. W. 321; Conley v. Conley, 78 Wis. 665, 47 N. W. 950, where it was said that the reasoning is but an application of the doctrine applied to affidavits filed in attachment and garnishment proceedings.

Section 6621 of our statutes provides for two classes of cases in which an action of this kind may be brought; 1st, where an unlawful and forcible entry is made, and, 2nd; where a lawful and peaceable entry has been made, but where the premises are subsequently unlawfully or forcibly held. The original petition filed herein is obviously not sufficient to make out a case under the first of the above

classes (19 Cyc. 1151, 1156), nor does it state any facts so as to bring it within any of the classes specified in Section 6622 of the statutes. Does it then state facts sufficient to come within the second of the above classes under section 6621, commonly called unlawful detainer?

Inasmuch as the statutes on this subject are evidently designed only for the purpose of trying the right of possession in cases where the titles of the premises cannot be disputed or called in question (Jenkins v. Jeffrey, supra), it is frequently said that "the proceedings in unlawful detainer are, and of necessity, must be, limited to those cases," where the relation of landlord and tenant, (Richmond v. Court, 98 Pac. 57; 24 Cyc. 1407) or other similar relation is shown to exist and that this relationship must be fully shown in the complaint. 24 Cyc. 1438, and see most of the cases cited supra. But without reference to that, the original petition herein lacks some of the essential averments specifically provided for in the statute to constitute an action under the second class contemplated in § 6621. In such case, there must appear to exist (1) a lawful and peaceable entry, followed subsequently by (2) unlawful or forcible detainer. Nothing is said in the original complaint herein as to the entry. For aught that appears, it might have been by force or by stealth; again, peaceable but unlawful; again, peaceable and lawful. In Caswell v. Ward, supra, the court said: "In order to give the court below jurisdiction of a case it is necessary that the complaint should embody such a statement of facts as brings the party clearly within some one of that class of cases for which a remedy is provided. Now the statute gives a remedy, 1st, against those who make unlawful and forcible entry into lands; 2nd, against those who, having made lawful or peaceable entry into lands, unlawfully and by force detain the same. * * * Under which of the * * * heads does the case in question come? If under either, it is the second; but in that case it should have been averred that the premises were entered peaceably or lawfully, and that the

detention was not merely unlawful but forcible.'' So in any view of the case the justice court was without jurisdiction for want of essential allegations in the complaint. That being true, the objection was not waived by failing to raise the question in the justice court. (Campbell v. Mallary, 22 How. Pr. 183; Potter v. Mission Soc. 52 N. Y. S. 294), and cases cited. Nor could an amended complaint, filed in the district court, cure such jurisdictional defect. (Redfern v. Batham, 70 Ill. App. 253.) As was said in Kiphart v. Brennemen, 26 Ind. 152, a case very similar to the case at bar: ''Our statute is liberal in regard to amendments, but an amendment necessarily presupposes something, however defective, to be amended, but in the present case the cause of action, being without the jurisdiction of the justice, does not constitute a defective complaint, but is simply a nullity, and that cannot be amended.'' That case was approved. and followed in Burgett v. Bothwell, supra, wherein it was further held, that such complaint will not be deemed sufficient even after verdict, but that a motion in arrest of judgment should be sustained. See also Blyth & Fargo Co. v. Swenson Bros., 7 Wyo. 303, 51 Pac. 873. And in Dicks v. Hatch, 10 Ia. 380, a case peculiarly applicable here because the district court in this state has no original jurisdiction in such actions, (Jenkins v. Jeffrey, supra.) The court said: ''The justice alone had original jurisdiction in this summary proceeding, and the district court can obtain jurisdiction in no other way than by appeal. The case, then, of course, must be tried in the district court upon the same issues upon which it was tried in the justice's court. If it is tried otherwise; that is, if the issue is materially changed by amendments, and thus tried, the district court assumes to itself jurisdiction which it has not in this class of cases.'' See also Lasater v. Font, supra, Eveleth v. Gill, supra; 19 Cyc. p. 1179, 24 Cyc. 729, 735. True, Section 6537 of our statute permits the district court to allow amendments in the furtherance of justice, and counsel cite us to Section 5707, Comp. Stat. 1920, providing for amendments in fur-

therance of justice even after judgment. But Section 6536 of the same statute provides that, where a case is appealed from justice court, the trial in the district court "shall be had upon the pleadings and issues filed and made in the court appealed from." Whatever may be the effect of the two sections of the statute first mentioned, it is clear, construing all these sections and section 6625 *in pari passu,* that in a forcible entry and detainer case, no amendments to the complaint made in the district court on appeal can confer jurisdiction of the subject matter when it did not exist in the justice court. When such complaint, fatally defective, and conferring no jurisdiction of the subject matter on the justice, comes before the district court on appeal, it is like a lifeless body which that court is powerless to animate. Its effect is, as though no complaint whatever had been filed, and no issues whatever made in the justice court, in which case, as we have held, there is nothing to try in the district court. (Italian-Swiss Agricultural Colony v. Bartagnoli, 9 Wyo. 204, 61 Pac. 1020; Walton v. Spinner, 15 Wyo. 297, 88 Pac. 650, 89 Pac. 575.

The motion made by plaintiffs in error at the commencement of the trial in the district court to dismiss the action should have been sustained. In view of the foregoing conclusions, it is unnecessary to consider the other errors assigned.

The judgment of the District Court of Natrona County herein is reversed, and the case remanded to that court with directions to enter judgment for the plaintiffs in error, dismissing the action.

*Reversed and remanded.*

POTTER, C. J., and KIMBALL, J., concur.