477 P.2d 119 (1970)
Fred W. STEFFENS and Francis Wambeke, Appellants (Defendants below),
v.
James W. SMITH and Alta B. Smith, Appellees (Plaintiffs below).
No. 3819.
Supreme Court of Wyoming.
November 23, 1970.
R.B. Bowman, Lovell, for appellants.
Melvin M. Fillerup, Fillerup & Butler, Cody, for appellees.
Before GRAY, C.J., and McINTYRE, PARKER, and McEWAN, JJ.
McEWAN, Justice.
The appellants were sureties on an undertaking in appeal to stay the judgment of a justice of the peace in a forcible entry and detainer action pending appeal to the district court. The district court affirmed the judgment of the justice of the peace and entered judgment against the principal and sureties for damages during pendency of appeal. A writ of execution issued and the appellants-sureties filed a motion to quash the execution, which motion was overruled by the trial court. From the order overruling this motion the appellants-sureties appeal.
*120 On August 15, 1968, the appellees as plaintiffs filed a forcible entry and detainer action in justice of the peace court, in which Eunice Zurawski was defendant. In their written complaint appellees alleged that appellees and defendant Eunice Zurawski had heretofore entered into a contract for deed wherein appellees had agreed to sell to defendant Eunice Zurawski certain described real property and that defendant was in default upon the terms of the agreement in certain particulars set forth in the complaint and, among other things, prayed for restitution and possession of the premises.
The defendant Zurawski filed a motion for an order dismissing the action for the reason that under § 1-534, W.S. 1957, the justice of the peace had no jurisdiction. The matter was heard on August 22, the defendant's motion was denied, and on August 26 the justice of the peace entered an order in which he found that the defendant was in default upon the contract for deed and ordered the defendant to make restitution to the appellees and deliver possession of said real property.
Whereupon, the defendant filed a notice of appeal to the district court, and to stay the execution furnished an undertaking in appeal in the sum of $1,000, which the appellants signed as sureties. The undertaking was approved by the justice of the peace and the return of restitution was stayed pending trial in the district court. The appellees had also filed an original ejectment action in the district court praying for possession of the same real property and for rental, damages and attorney's fees. The cases were consolidated and trial was had in the district court.
On April 19, 1969, judgment was entered by the district court, which judgment was filed May 1, 1969. The trial court affirmed the judgment entered in the justice court and found that the defendant had posted a bond in the justice court in the amount of $1,000 and that the writ of restitution was stayed pursuant to §§ 1-688 through 1-691, W.S. 1957, and that said bond was to the effect that appellants would pay all costs which had accrued or might thereafter accrue and all damages which plaintiffs might have sustained or might thereafter sustain in consequence of the wrongful detention of the premises during the pendency of the appeal from the justice court. The trial court found the accrued costs and damages to the appellees was $1,350.60 and ordered that defendant pay appellees' costs and damages in the sum of $1,350.60, which costs and damages were recoverable against defendants' bonds filed therein.
On June 27, 1969, a writ of execution was issued by the clerk of the district court in which it was sought to recover the sum of $1,000 from the appellants-sureties. On August 12, 1969, the appellants-sureties filed their motion to quash the execution. Attached to the motion was the affidavit of the then attorney for appellants, in which it was alleged that appellants had never been made parties to the action in district court; that they had never been served with summons or complaint in said cause, nor had they received notice of any proceedings therein; that execution against their property would have the effect of depriving them of property without due process of law; and further that said execution was void as to them and should be quashed. The motion to quash was heard by the trial court and was overruled, whereupon the appellants-sureties filed their appeal to this court.
Although, as we have indicated, the defendant below filed a motion in justice court for an order dismissing the action for the reason that the court had no jurisdiction, the question of jurisdiction over the subject matter was not raised by appellees in their motion to quash, nor was it enumerated in their brief or discussed during argument as one of the points upon which they relied for reversal. However, as we said in Gardner v. Walker, Wyo., 373 P.2d 598, 599
"* * * The first and fundamental question on every appeal is that of jurisdiction; this question cannot be waived; it is open for consideration by the reviewing *121 court whenever it is raised by any party, or it may be raised by the court on its own motion."
Although the defense of lack of jurisdiction over the person may under certain circumstances be waived (State v. District Court of Fourth Judicial District, Wyo., 426 P.2d 431, 436), the right to challenge jurisdiction over the subject matter cannot be waived. Ruby v. Schuett, Wyo., 360 P.2d 170, 175.
There can be no question of the right and duty of this court to decide the cause on a point not raised below where such matter is fundamental, e.g. lack of jurisdiction apparent on the face of the record. Moore v. Kondziela, Wyo., 405 P.2d 788, 791; Gore v. John, 61 Wyo. 246, 157 P.2d 552, 556; Rule 12(h), W.R.C.P.; 5 C.J.S. Appeal and Error § 1239, p. 71.
We shall then consider whether or not the justice court had jurisdiction over the subject matter.
Forcible entry and detainer is a purely statutory remedy, summary in character and in derogation of the common law. Proceedings under forcible entry and detainer may be had only in cases enumerated in the statute and, if a case is not one of those enumerated, the jurisdiction will fail to attach and the proceeding will be coram non judice and void. Section 1-678, W.S. 1957, provides that forcible entry and detainer actions may be had in any of the following cases:
"1. Against tenants holding over their terms, or after a failure to pay rent for three days after the same shall be due.
"2. In sales of real estate on execution, orders or other judicial process, including proceedings for the foreclosure of mortgage by action in court, when the judgment debtor was in possession at the time of the rendition of judgment or decree, by virtue of which such sale was made.
"3. When real estate has been sold under a power of sale contained in any mortgage or trust deed, and the purchaser at such sale or his assignee has duly demanded possession thereof.
"4. In sale by executors, administrators, guardians and on partition where any of the parties to the petition were in possession at the commencement of the suit, after such sale so made on execution, or otherwise, shall have been examined by the proper court, and the same is by such court adjudged legal.
"5. In cases where the defendant is a settler or occupier of the lands or tenements without color of title, and to which the complainant has the right of possession."
It is clear that the case at hand, that is, where the seller sought to recover realty from a buyer to whom he had sold the realty under a contract for deed and whom he had put in possession, and which buyer had defaulted in the terms of the contract, is not one of those set forth in § 1-678, and the justice of the peace had no jurisdiction.
It follows from what we have said that the purported judgment of the justice of the peace was void and of no force or effect. Also, the requirement of bond was without effect and the bond given must be considered a nullity. Thus, the district court was without jurisdiction to render judgment against the bondsmen; and the clerk of court had no jurisdiction to issue an execution against such bondsmen. The motion of the appellants-sureties to quash the execution against them should have been granted. As Justice Blume said in White v. Veitch, 27 Wyo. 401, 409, 197 P. 983 at 986:
"* * * When such complaint, fatally defective, and conferring no jurisdiction of the subject-matter on the justice, comes before the district court on appeal, it is like a lifeless body which that court is powerless to animate. Its effect is as though no complaint whatever had been filed, * * *."
*122 In connection with the appeal to the supreme court, appellees in this court have moved to dismiss the appeal of the appellants-sureties for failure to file their notice of appeal within 30 days on the theory that judgment was entered May 5, 1969, and notice of appeal was not filed until September 18, 1969. The appellants-sureties, however, have resisted the motion to dismiss on the theory that their appeal is from an order entered September 3, 1969, which order overruled their motion to quash the execution. We construe the appeal to be from the order which overruled the motion to quash, and we consider this a final order within the meaning of Rule 72(a), W.R.C.P. The notice of appeal to our court was therefore timely and the motion to dismiss the appeal to this court is denied.
Reversed and remanded with instructions to quash the execution against Fred W. Steffens and Francis Wambeke.