PHILIP A. SCHEIFELE, PROSECUTOR, v. ALBERT W. IRVING ET AL., DEFENDANTS.

The affidavit which gives the justice jurisdiction in summary proceedings under the Landlord and Tenant act must contain a statement of the facts necessary to bring the case within such justice's jurisdiction. If one of the jurisdictional requisites is the legal service of a particular notice, the facts necessary to legalize the special method of service employed must appear from the affidavit. Upon this point the conclusion of the landlord upon undisclosed facts is valueless.

On *certiorari.*

Argued at June Term, 1890, before Justices REED and GARRISON.

For the prosecutor, *J. J. Crandall.*

For the defendants, *A. Stephany.*

The opinion of the court was delivered by

GARRISON, J. This is an action brought for the recovery of demised premises for the non-payment of rent. *Rev., p.* 576, § 29.

The question is, whether the justice acquired jurisdiction. The affidavit of the landlord sets forth that the notice of rent in arrears was served on the defendant " by affixing a copy of such notice to the door of said demised premises occupied by said Philip A. Scheifele, it being impossible to make service personally or by leaving with a member of his family."

This affidavit is clearly insufficient, in that it fails to state the facts necessary to justify the method of service employed. Section 11 of the Landlord and Tenant act (*Rev., p.* 577) provides that " the notice required in this section shall be served either personally on the tenant by giving him a copy thereof, or by leaving a copy thereof at his last usual place of abode with some member of his family above the age of fourteen years ; or, where from any reason such service cannot be had, then the same may be served by affixing a copy of such notice to the door of any dwelling or such demised premises occupied by such tenant."

Under the language here employed it is for the justice to determine, upon the facts stated in the affidavit, whether the ordinary method of service may lawfully be dispensed with. For this purpose the opinion of the landlord, based upon undisclosed facts, is valueless.

For the reasons given in *Woolley* v. *Lane,* 22 *Vroom* 504, and cases there cited, the judgment entered by the justice must be set aside.