ALBERT FOULKS, PROSECUTOR, v. AMITY CRANBERRY COMPANY, DEFENDANT.

Submitted January 29, 1932—Decided June 2, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Palmer & Powell.*

For the defendant, *Kelsey & Killie.*

PER CURIAM.

This writ brings up a judgment of the court of a justice of the peace awarding possession of certain premises to the defendant herein, which was plaintiff in an action instituted under the Landlord and Tenant act. The contention here is that the affidavit was insufficient to give the justice jurisdiction of the cause.

The affidavit sets up that the plaintiff below is the owner of the premises; that on May 11th, 1918, it employed as manager one Jones who was permitted to use the house as part of his compensation; that by reason of an agreement between Jones and defendant below, Foulks, said Foulks entered into possession and boarded with Jones; the affidavit then continues:

"On or about the 20th day of November, 1930, the said A. W. Jones died, and the said Albert Foulks by virtue of his agreement with the said A. W. Jones, together with other information imported to him directly and indirectly, well knew and understood the rental of said house to be at the rate of $15 per month and the rental of the automobile storage to be $5 per month, and that thereupon the said Albert Foulks assumed the agreement of renting theretofore made between the said Amity Cranberry and A. W. Jones, and thereby continued to use and occupy said dwelling house and automobile storage, by reason of which he undertook and agreed to pay to said Amity Cranberry Company the sum of $20 each and every month for the use and occupancy thereof."

It is then alleged that $180 is due and that demand for possession has been made.

Depositions were taken under the writ, and prosecutor testified that his father entered into possession of the premises in 1875 and continued in possession until 1912, when prosecutor moved in. He says his father claimed to be the owner of the premises. He admitted that he had received a demand for either rent or possession, and said the demand was received shortly before the service of the summons.

Some of his statements are contradicted and there is testimony of conversations in which he is alleged to have recognized the right of defendant to demand rent or possession.

However, the question is whether or not the affidavit alleges facts sufficient to create the relation of landlord and tenant and thus give the court jurisdiction. *Scheifele* v. *Irving*, 53 *N. J. L.* 180; 20 *Atl. Rep.* 1075.

We fail to find any facts alleged in the affidavit which would create the relation of landlord and tenant. When the affiant says "thereupon the said Albert Foulks assumed the agreement of renting," he is merely stating a conclusion and does not state the facts which lead up to this conclusion.

In its brief the defendant takes the position that occupancy by the prosecutor, under whatever claim, after demand for rent or possession, created the relation of landlord and tenant. But this is not so. There was no attornment, either by operation of law or in fact, set out in the affidavit.

The judgment below is reversed, with costs.